Clerk's Original

FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2017 NOV -2  PM 2:37

CLERK, US DISTRICT COURT
OCALA FLORIDA

Gullett, Taquan,
  In Propria Persona, Claimant, Affiant.
V.
Lockett, Charles L.; personal private capacity,
Miller, G.; personal private capacity,
Reiser, S.; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Cassulo, Kim; personal private capacity,
Hernandez, Samuel; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Cocsmeier, Arnold B.; personal private capacity,
Muldrow, M. Stephen; personal private capacity,
Andre, Julian Lucien; personal private capacity,
Ostiller, Cathy; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Snyder, Christina A.; personal private capacity,
                        Respondent(s).

Claim Number:  5:17-cv-527-OC-10PRL

AFFIDAVIT OF HABEAS CORPUS

Universal Declaration of Human Rights (1948)
United Nations Declaration of Independence from Colonialism (1960)
united states for America Organic Constitution (1787)
Article One, Section Nine, and Amendments 1-10
        codified at:
[28 U.S.C. §§ 2241-2243 et seq.]
[42 U.S.C. §§ 1983, 1985, 1986]
[18 U.S.C. §§ 241 and 242]

"  Natural Equity Claim  "
CONTRACT UNDER SEAL

1  of  21

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien Friend, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in sui juris capacity. [See NOTICE OF TRUST Probate Case #17-CP-1286/1287; CAVEAT #17-CP-1020/1025]. 4th Judicial Circuit, Duval County, Florida

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran ⑦ Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948), United Nations Declaration of Independence from Colonialism (1960), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance by special visitation in accord with [Rule E(8)] for corrective action by Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948), United Nations Declaration of Independence from Colonialism (1960), united states for America Organic Constitution (1787) Article One Section Nine codified at: [28 U.S.C. §§ 2241-2243 et seq.; 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §§ 241 and 242].

## Jurisdiction and Venue

4. Jurisdiction and venue are properly passed before this District Court in accord with the Treaty of Peace and Friendship (1787), Zodiac Constitution AA222141 (A1-Truth), Universal Declaration of Human Rights (1948), United Nations Declaration

of Independence from Colonialism (1960), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, united states for America Organic Constitution (1781) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.]. In accord with [28 U.S.C. § 2241], this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. This Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall extend to Affiant as he is unlawfully detained under or by color of the authority of the Respondent(s); and/or he is unlawfully detained in violation of the Constitution or laws or treaties of the United States; and/or he is an Autochthonous American Moor Alien Friend unlawfully detained for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order, or sanction of his Foreign Estate, or under color thereof, the validity and effect of which depend upon the law of nations.

5. In accord with [28 U.S.C. § 2243], the court, justice, or judge entertaining this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall forthwith award the writ or issue an order directing the respondent(s) to show cause why the writ should not be granted. The writ or order to show cause shall be directed to the respondent(s) and it shall be returned within three (3) days unless for good cause additional time, not exceeding twenty (20) days is allowed. The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require. *NOTICE AND OPPORTUNITY: Should respondent(s) fail to timely answer or respond within three (3) days, not exceeding twenty (20) days, a judgment by

3 of 21

default will be entered against all respondent(s) for the relief demanded herein this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other respondent(s). Each of you must file your answer or response with the court.

6. In any civil action in federal district court, the Federal Rules of Civil Procedure [F.R.Civ.P.] apply, unless Congress has provided a clear exception in a statute or unless the action is of a type listed as an exception in F.R.Civ.P. 81 [see F.R.Civ.P. 1 - Scope and Purpose] Willy v. Coastal Corp., 503 U.S. 131, 134-135, 112 S.Ct. 1076, 117 L.Ed. 2d. 280 (1992); Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986); F.R.Civ.P. 81]. Regarding this instant action, Congress has provided a clear exception in a statute [28 U.S.C. §§ 2241-2243 et seq.] and this action is of a type listed as an exception in F.R.Civ.P. 81.

7. In habeas corpus proceedings, federal rules apply only when statutes and specific habeas corpus rules fail to prescribe procedure. Nominally, habeas corpus is a civil proceeding, even when its purpose is to challenge custody of a prisoner that has resulted from alleged criminal proceedings [see Harris v. Nelson, 394 U.S. 286, 293, 89 S.Ct. 1082, 22 L.Ed. 2d 281 (1969)]. Habeas corpus proceedings are not suitable for blanket application of F.R.Civ.P. Rule 81 spells out the F.R.Civ.P. only apply to habeas corpus proceedings to the extent that the statutory [28 U.S.C. §§ 2241-2243 et seq.] procedures and specific rules fail to proscribe procedures [see F.R.Civ.P. 81(a)(4); Ebert v. Clarke, 320 F.Supp. 2d 902, 904 (D.Neb. 2004)]. Service of pleadings for habeas corpus applies the F.R.Civ.P. [See Richmond v. Scibana, 2004 U.S. Dist. LEXIS 23443, at *4 (W.D. Wis., Nov. 16, 2004)]. Therefore, this Affidavit of

Habeas Corpus Natural Equity Claim Contract Under Seal action is primarily governed by [28 U.S.C. §§2241-2243 et seq.] with the F.R.Civ.P. only as gap-filling procedural provisions only to the extent that [28 U.S.C. §§ 2241-2243 et seq.] fail to provide appropriate procedural provisions (28 U.S.C.§§ 2241-2243 et seq. and the applicable gap-filling F.R.Civ.P. are collectively referred to hereinafter as, "the Rules" [see F.R.Civ.P. 1, 81(a)(3)].

8. Federal courts are required to construe the Rules governing a civil action in a manner that will secure the just, speedy, and inexpensive determination of every action and proceeding [see F.R.Civ.P. 1] and this is the fundamental policy of the Rules to be followed by the federal courts in any civil action [see Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); F.R.Civ.P. 56 - governing summary judgment]. The parties to a civil action have a responsibility to use the Rules to secure the just, speedy, and inexpensive determination in every action and proceeding [F.R.Civ.P. 1] and this requires parties to be cooperative to the extent that is permissible with effective advocacy and to refrain from over-use, mis-use, or abuse of procedural tools that would increase costs or result in delay [see J.I. Case Co. v. Bank, 377 U.S. 426, 435, 84 S.Ct. 1555, 12 L.Ed 2d 423 (1964); Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 27 (2d.Cir. 2010); Don King Prods, Inc. v. Hopkins, 2004 U.S. Dist. LEXIS 25917, at *8 (S.D.N.Y. Dec. 23, 2004)].

9. The Supreme Court stated in Walker v. Johnson that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to a discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district

court to discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected rights [See Browder v. Director, 434 U.S. 257, 266 n.10 (1978); Walker v. Johnson, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243 et seq.] authorizes — indeed, it requires — the court to treat the Affidavit of Habeas Corpus itself as the equivalent of an Affiant-Initiated Summary Judgment and "forthwith to award the writ... unless it appears from the application that the applicant or person (unlawfully) detained is not entitled thereto" [see 28 U.S.C. § 2243]. Summary judgment is appropriate when there are no genuine disputes or issues of material fact and the moving party (Affiant) is entitled to judgment as a matter of law [See F.R.Civ.P. 56; Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Blackledge v. Allison, 431 U.S. 63, 80-81 (1977); Johnson v. Rogers, 917 F.2d 1283, 1284-85 (10th Cir. 1990)].


## Statement of Claim for Relief

10. On or about January 2017 through March 2017, Affiant filed several Petitions for Stay of Execution and Enforcement of Judgment Pending Appeal and Certiorari (hereinafter "Stay Applications") with a security bond included therewith, to the United States District Court Central California Los Angeles Division [see Case #2:14-cr-00725-CAS Docket]; to the Ninth Circuit Court of Appeals [see 9th Cir. Appeal 17-50093 + Appeal 17-50096 Dockets]; and to the Supreme Court of the United States. In accord with [28 U.S.C. § 2101(f)], Affiant is entitled to this stay of execution and enforcement of judgment as a matter of law to enable him to obtain a writ of certiorari from the Supreme Court. In accord with [28 U.S.C. § 2101(e)], an application to the Supreme Court for a Writ of

Certiorari to review a case before judgment has been rendered in the court of appeals may be made at any time before judgment. All of Affiant's several Stay Applications were ignored by all the above-mentioned courts, judges and justices thereof. If any of Affiant's several Stay Applications would have been entertained and granted, as is his right as a matter of law, then Affiant would currently be free from this instant unlawful and unconstitutional detainment on his Appearance Bond/Recognizance Bond pending appeal and certiorari [See Geneva Conventions and all annexes thereto; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1,2,3,4,5,6,7,8,9,10,11,12,13,15, 20,28,29; united states for America Organic Constitution (1787) Amendments 1 (redress of grievances), 5 (due process of law), 8 (right to bail)].

11. On or about March 15, 2017, Affiant was offered voluntary servitude at a federal institution to be designated and was offered a voluntary surrender date of April 17, 2017. Affiant did not accept this offer of voluntary servitude nor the offer of voluntary surrender [See Case #2:14-cr-00725-CAS Docket]. On or about March 17, 2017, Affiant filed Notice of Appeal [see 9th Cir. Appeal 17-50093 and Appeal 17-50096]. On or about March 29, 2017, Affiant was offered a voluntary servitude designation at FCI Coleman Medium. Affiant did not accept this offer previously, and again did not accept this offer [see 4th Judicial Circuit Duval County Florida Personal Replevin Case #17-CA-2142/ 2144]. Sometime between March 29, 2017, and July 20, 2017, allegedly, a bench warrant was issued for alleged violation(s) of condition(s) of (pretrial/postrial) supervised release. On or about July 20, 2017, Affiant was unlawfully and unconstitutionally arrested and detained (Kidnapped/abducted)

by respondent(s) from his Diplomatic Ministerial Consulate (Autochthonous American Moor Alien Religious Consul Association [AAMARU]) which is physically located in Molly's Garden Countee, Timucuan, Al Andalusia, Northwest Amexem, Morocco [see 4th Judicial Circuit Duval County Florida Probate Court CAVEAT Case # 17-CP-1020/1025 and NOTICE OF TRUST Case # 17-CP-1286/1287] around and about Jacksonville, Duval County, Florida state [see Geneva Conventions and all annexes thereto; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1,2,3,4,5,6,7,8,9,10,11,12,13,15 (right to nationality/ change nationality),18,20,28,29; united states for America Organic Constitution (1787) Amendments 1 (freedom of association, redress of grievances), 4 (unlawful search & seizure, no Warrants but upon probable cause particularly describing place and person), 5 (due process of law), 6 (informed of nature and cause, compulsory process for witnesses in favor), 8 (right to bail)].


12. By its very definition, one cannot be compelled to "volunteer" for anything (i.e. surrender, servitude) [see Black's Law Dictionary (BLD) 2nd & 8th Editions; Webster's 3rd Int'l Dictionary - volunteer, voluntary, voluntarily, voluntariness]. It is alleged that Affiant became a "fugitive from justice" upon the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release and non-acceptance of voluntary surrender.


Fugitive (BLD 8th Ed.) - A criminal suspect who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, especially by fleeing the jurisdiction or by hiding [see 18 U.S.C.A. §1073].

13. Affiant was never a fugitive from justice as he never hid, fled, took flight, evaded, or escaped arrest, prosecution, imprisonment, or service of process [see 9th Cir. Appeal 17-50093 and Appeal 17-50096; 4th Judicial Circuit Duval County Florida Personal Replevin Case # 17-CA-2142/2144; CAVEAT Probate Case # 17-CP-1020/1025; NOTICE OF TRUST Probate Case # 17-CP-1286/1287]. Further, non-acceptance of an offer of voluntary surrender is not, and is distinctly distinguished from, failure to appear, hiding, fleeing, flight from prosecution, evading, and escape. It is a well settled maxim of law that there must be an adjudication of guilt to even charge such conduct, behavior, or activity as a liability, sanction, or punishment to anyone [see Geneva Conventions and all annexes thereto; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1,2,3,4,5,6,7,8,9,10,11,12,13,15,18,20,21,28,29; united states for America Organic Constitution (1787) Amendments 1 (freedom of association), 4 (no Warrant but upon probable cause particularly describing place and person), 5 (due process of law), 6 (informed of nature and cause, compulsary process for witnesses in favor), 8 (right to bail)].

14. On or about July 20, 2017, upon Affiant's unlawful and unconstitutional arrest and detainment (kidnapping/abduction), Affiant's Diplomatic Ministerial Consulate was not contacted and informed of his unlawful and unconstitutional arrest and detainment. Affiant's unlawful and unconstitutional arrest and detainment was alleged to be from a bench warrant issued out of the District Court Central California Los Angeles Division for alleged violation(s) of condition(s) of (pretrial/postrial) supervised release. That same day [July 20, 2017], Affiant was brought to court at District Court Middle Florida Jacksonville Division [see Case # 3:17-mj-01265-JBT].

Federal Rules of Criminal Procedure (F.R.Crim.P.) **40** prescribes the procedure the District Courts <u>must</u> follow for an arrest for allegedly violating condition(s) of release set in another district. F.R.Crim.P. 40(b) requires the judge <u>must</u> proceed under F.R.Crim.P. 5(c)(3). Affiant was not afforded his due process of law protections of proceedings in accord with F.R.Crim.P. 40, 5(c)(3), and united states for America Organic Constitution (1787) Amendment 5 (due process of law). Affiant was not informed of his rights under F.R.Crim.P. 20, or under united states for America Organic Constitution (1787) Amendment 6 (informed of nature and cause of accusation). Affiant did not waive any of his rights at any time, so Affiant's right to a show cause hearing on the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release is preserved [See F.R.Crim.P. 5(c)(3)(B)]. The alleged bench warrant(s) for alleged violation(s) was allegedly produced out of the District Court Central District California, so Case #3:17-mj-01265-JBT and unlawfully arrested and detained Affiant were required to be transferred to the District Court Central District California for a show cause hearing on the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release, but that never happened [see F.R.Crim.P. 5(c)(3)(B)]. When there is no waiver of the right to a show cause hearing in the district where the alleged bench warrant(s) issued on the alleged violation(s), the magistrate judge conducting the initial appearance in the district of arrest <u>must</u> order a transfer to the district where the alleged bench warrant(s) issued [see F.R.Crim.P. 5(c)(3)(B); 18 U.S.C. §3653]. Also, there are two preconditions to the transfer order: <u>First</u>, the alleged bench warrant(s) on the alleged violation(s) of conditions of (pretrial/postrial) supervised release issued from the Central District of California Los Angeles Division <u>must</u> be produced [see F.R.Crim.P. 5(c)(3)(X)(i)]; and <u>Second</u>, the District Court Middle

Florida Jacksonville Division <u>must</u> determine that the unlawfully and unconstitutionally arrestee/detainee is actually the same person as is named in the alleged bench warrant(s) [See F.R.Crim.P. 5(c)(3)(D)(ii)].

15. On or about July 26, 2017, unlawfully and unconstitutionally arrested and detained Affiant was again brought to court at District Court Middle Florida Jacksonville Division for an identity hearing [See Case # 3:17-mj-01265-JBT]. The standard of proof for identity was not met. (A) The alleged bench warrant(s) alleged that the name of the arrestee is <u>TAQUAN RASHE GULLETT</u>, but the respondent(s) unlawfully and unconstitutionally arrested and detained a <u>TAQUAN RIDGENT GULLETT</u> [See united states for America Organic Constitution (1787) Amendments 5+6]; (B) The alleged bench warrant(s) alleged that the unlawful and unconstitutional arrestee/detainee has "<u>no identifying marks, scars, or tattoos</u>," but the respondent(s) unlawfully and unconstitutionally arrested and detained a man with <u>a tattoo covering his left shoulder</u> [See united states for America Organic Constitution (1787) Amendments 5+6]; (C) There was <u>no finger prints match positive identification</u>, there was <u>no DNA match positive identification</u>, and there was <u>no Central District California Los Angeles Division case agent eye-witness match positive identification</u> [See united states for America Organic Constitution (1787) Amendments 5+6]. <u>United States v. Whitehurst</u>, 116 F.R.D. 511, 512-513 (D. Minn. 1987) holds that "normally, any form of identification, including hearsay, will be sufficient. However, when the defendant presents substantial evidence contravening the purported identification, a higher standard of proof may be required." [See F.R.Crim.P. 40, 5(c)(3); see Geneva Conventions; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29].

16. F.R.Crim.P. 40(c) requires that any departure from Affiant's prior conditional release order <u>must</u> be stated, substantiated, and verified signed in writing. A magistrate judge in the district with actual unlawful and unconstitutional detention of the arrestee <u>must</u> take into account any pretrial conditional release order binding the unlawful and unconstitutional arrestee that was imposed in the Central District California Los Angeles Division where the alleged bench warrant(s) for the alleged violation(s) of condition(s) of (pretrial /postrial) supervised release issued. If the magistrate, in choosing whether to unlawfully and unconstitutionally detain or lawfully and constitutionally release, elects to depart from preexisting conditional release orders, the magistrate <u>must</u> set forth the reasons for doing so in writing [See F.R.Crim.P. 40(c); <u>United States v. Whitehurst</u>, (supra); <u>United States v. Godines-Lupian</u>, 2011 U.S. Dist. LEXIS 116040, at *4-5 D.P.R. (Oct. 5, 2011)]. Further, <u>United States v. Zhu</u>, 215 F.R.D. 21, 26 (D. Mass. 2003), holds that "it would be <u>inconsistent</u> for the magistrate judge to be empowered to release an arrestee who had failed to appear altogether, but not to release one who only violated conditions of release in a minor way." <u>Affiant clearly restates here, he has no failures to appear, nor hiding, nor fleeing, nor taking flight, nor evading, nor escaping, and the law requires an adjudication of guilt to even charge such conduct, behavior, or activity as a liability, sanction, or punishment</u> [See Geneva Conventions and all annexes thereto; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29; United States for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8].

17. On or about July 26, 2017, Affiant was unlawfully and unconstitutionally detained and human trafficked by respondent(s) to Bradford County (Florida) Jail. On or about August 3, 2017, Affiant was unlawfully and unconstitutionally detained and human trafficked by respondent(s) to Federal Correctional Complex United States Penitentiary 1 (USP-1), Coleman, Florida. The offer to Affiant of initial designation, which was not accepted, was to FCI Coleman Medium and this designation was based upon Affiant's alleged Criminal History Points, alleged Criminal History Score, alleged Security Points, alleged Current Offense, and alleged Custody Classification in accord with Federal Bureau of Prisons (B.O.P.) Program Statement policy (local law) [see Program Statement (P.S.) 5100.08 – Inmate Security Designation and Custody Manual]. Affiant does not have a violent criminal history, nor any violent or drug current offense charges, nor any maximum security USP-1 points to substantiate being arbitrarily and capriciously subjected to unlawful detainment at Coleman USP-1. B.O.P.'s [P.S. 5100.08] states that "B.O.P.'s classification, designation, and redesignation procedures are <u>consistent</u> with the statutory authority contained in [18 U.S.C. §3621(b)]. All classification, designation, and redesignation decisions are made <u>without favoritism given to an inmate's social or economic status</u>; and, the expected results of this Program Statement are to make the environment in which inmates are housed <u>safer</u> for both inmates and staff; and, inmate designation lasts for <u>120 days</u> if a person has not arrived at a B.O.P. facility and is not cancelled and the reason for cancellation must be documented with a comment" [see P.S. 5100.08(1); (2)(b); (2)(m)(1)]. [NOTE: The unaccepted offer of voluntary surrender was designated for FCI Coleman Medium on April 17, 2017. Affiant was human trafficked to and unlawfully/unconstitutionally detained at Coleman USP-1 on or about August 3, 2017 (approximately <u>103 days</u>). Further, respondent(s)' arbitrary and capricious subjection

13 of 21

of Affiant to unlawful detainment at maximum security Coleman USP-1, rather than FCI Coleman Medium is neither <u>without favoritism given to an unlawfully/unconstitutionally detained inmate's social or economic status, nor safer for an unlawfully/unconstitutionally detained inmate</u>. It seems that respondent(s)' actions in this matter are <u>inconsistent</u> with International law (Geneva Conventions; U.N. Dec. of Ind. from Colonialism (1960), Universal Declaration of Human Rights (1948), Federal law (18. U.S.C. §3621(b)), and Local law (P.S. 5100.08)). [See united states for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8; Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29].

18. Even further, there is no provision or requirement in B.O.P. Program Statement policy, Code of Federal Regulations, United States Code, or otherwise, to punish someone by arbitrary and capricious subjection to unlawful/unconstitutional detainment at a maximum security USP-1 for not accepting an offer of voluntary surrender, especially when that someone does not have a violent criminal history, nor any violent or drug current offence charges, nor any maximum security USP-1 points. P.S. 5100.08's Security Designation Data and Custody Classification Form (BP-338) score a minus three (-3) points subtracted from the Security Points Total <u>when the Judgment</u> indicates there was an offer to voluntarily surrender [see P.S. 5100.08 Chapter 4, Page 5, Page 16]. There is no provision or requirement to arbitrarily and capriciously add three (+3) points to the Security Points Total when there is non-acceptance of an offer of voluntary surrender; the <u>Judgment</u> <u>still indicates there was an offer.</u> Also, [P.S. 5140.43] -Unescorted Transfers and Voluntary Surrenders - details the procedure for failure to report for voluntary surrender <u>which includes a provision for a request for a delay in reporting</u> (i.e. Affiant's

Stay Applications) [See P.S. 5140.43(3)(a); Form BP-A0385 - Authorized Unescorted Commitments and Transfers; 28 C.F.R. §522.30]. Moreover, the law requires that there be an adjudication of guilt for failure to appear, hiding, fleeing, flight, evading, or escape to even charge such conduct, behavior, or activity as a liability, sanction, or punishment to anyone. Title [5 U.S.C. § 706(2)(a)] states that "agency actions will be upheld unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." It seems the respondent(s) actions in this matter are wholly arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [see Geneva Conventions and all annexes thereto; United Nations Declaration of Independence from Colonialism (1960); Universal Declaration of Human Rights (1948) Articles 1,2,3,4,5,6,7, 8,9,10,11,12,13,15,20,28,29; united states for America Organic Constitution (1787) Amendments 1,4,5,6,8].

## Demand for Judgment Relief

19. Affiant respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon his body, his person, and Estate corporeal and incorporeal, pending appeal and certiorari as a matter of law. As aforementioned, Affiant has several Stay Applications with security bond before the District Court Central California Los Angeles Division, the Ninth Circuit Court of Appeals, and the Supreme Court [see 28 U.S.C. § 2101(f),(e)]. Affiant has a Natural Equity right to and is entitled to unconditional discharge on his own Recognizance Bond pending appeal and certiorari as a matter of law. Affiant has no adjudication of guilt for failure

to appear, hiding, fleeing, flight, evading, or escape. Affiant is not a threat or a danger to the community or to any individuals' life, liberty, health, safety, person, or property. Also, Affiant's appeal and certiorari are not for the purpose of delay and raise a substantial question of fact or law likely to result in either a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served in pretrial and postrial unlawful detainment plus the expected duration of the appeal and certiorari process; and

20. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge on his Personal Replevin Bond pending appeal and certiorari [see 4th Judicial Circuit Duval County Florida Personal Replevin Bond Case #17-CA-2142/2144; CAVEAT Probate Case #17-CP-1020/1025; and NOTICE OF TRUST Probate Case #17-CP-1286/1287]. For all of the aforementioned reasons, Affiant has a Natural Equity right to and is entitled to unconditional discharge on his Personal Replevin Bond pending appeal and certiorari as a matter of law; and

21. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law:

Mainpernor (BLD 8th) - A surety for a prisoner's appearance; one who gives mainprise for another - also termed mainpriser.

16 of 21

Mainprise (BLD 8th) [N] [1] - Delivery of a prisoner to the mainpernor.
[2] A suretyship undertaking that makes the surety responsible for a prisoner's appearance on a specified date and time.
[3] A writ ordering the sheriff to release a prisoner after taking security for the prisoner's appearance.
[V] To release (a prisoner) on the surety of a mainpernor.

22. For all of the aforementioned reasons, Affiant has a Natural Equity right to and is entitled to unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant does hereby nominate his Uncle for Mainprise/Mainpernor Suretyship. Affiant's relation to his Uncle is close and Affiant's Uncle is a Retired U.S. Army Officer and current Supervisor/Major with GS4 Security. Affiant's Uncle has life-long strong ties and good standing in the Jacksonville Florida community, and if discharged on Mainprise/Mainpernor Suretyship to Affiant's Uncle, he would ensure any return in the unlikely event of an unsuccessful appeal and certiorari.

## Claim for Damages - True Bill

$10,000 and/or 10 years imprisonment [42 U.S.C. §§1983, 1985, 1968 / 18 U.S.C. § 241] × 17 = $170,000 and/or 170 years imprisonment

$1,000 and/or 1 year imprisonment [42 U.S.C. §§1983, 1985, 1986 / 18 U.S.C. § 242] × 17 = $17,000 and/or 17 years imprisonment

Total = $187,000 and/or 187 years imprisonment

*** All respondent(s) are jointly and severally liable for this Claim ***

23. The <u>Sum Certain</u> for this Affidavit of Habeas Corpus Natural Equity Contract Under Seal Claim for Damages True Bill is One Hundred Eighty-Seven Thousand Dollars ($187,000.00) and 00/100 and/or One Hundred Eighty-Seven (187) years imprisonment payable by liquidation of all respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy. All respondent(s) are jointly and severally liable for this Contract Under Seal Claim.

24. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued from the United States Treasury Mint in accord with Executive Order 11110.

25. If any portion of this Contract Under Seal Claim is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all respondent(s), jointly and severally, for any portion of this Contract Under Seal Claim that is found to be overdue and oweing and remains unpaid to Affiant and Affiant's Estate.

26. Respondent(s)' default to this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, and consent to all the terms, facts, conditions, stipulations, claims, contracts, clauses, points, averments, and true bills herein.

NOTICE AND OPPORTUNITY: Respondent(s)' failure to timely rebut this Affidavit of Habeas Corpus point-for-point, with supporting documentary evidence, verified under penalty of perjury by signature in wet-ink under respondent(s)' full liability within twenty (20) days from the date of service (date of Clerk of Court's file stamp), does constitute default. A judgment of default will then be entered against all respondent(s) for the judgment relief demanded herein this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other respondent(s). Each of the respondent(s) must file an answer or response with the court.

## Conclusion

27. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief in accord with Natural Equity, and to dispose of this matter as law and justice require.

## In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien Friend, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in sui juris capacity; do hereby declare and affirm under penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, complete to the best of my knowledge, not misleading, admissible as evidence, and in accord with the righteous moral upright integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Twenty-Ninth day of the Tenth month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437).
[Gregorian Calendar Year (G.C.Y.) 2017 - October, 29 ]

Witness My Hand and Seal:

_Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend_
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend

Prisoner of War for National Liberation: [62013-018, Unit J-120]
Unlawfully Detained at:

Federal Correctional Complex USP-1, P.O. Box 1033, Coleman, Florida 33521-1033

20 of 21

## Certificate of Service

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien Friend, competent Man of majority, do certify and affirm that on or about the Twenty-Ninth day of the Tenth month of the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017 - October, 29], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal [21 pages (front + back)] x 3; and
2. Request for Service Upon Respondent(s) [2 pages (front + back)]; and
3. Civil Case Cover Sheet [1 page]; and
4. BP-199 Form; Encumbrance #1351, Memo. P.O.W. 62013-018; Dated 10/26/2017; for $5 filing and docketing cost of Habeas Corpus action [1 page]; and
5. One (1) Self-Addressed Prepaid Stamped Envelope [1 Envelope]. (for return of Affiant's file-stamped copy of Affidavit of Habeas Corpus)

All documents required for civil case filing and docketing are included and mailed to:
Office of the Clerk of Court
United States District Court for the Middle District of Florida Ocala Division
Golden-Collum Federal Building and United States Courthouse
207 Northwest Second Street, Suite 337, Ocala, Florida 34475-6603

_Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend_

maalik Taquan Rahshe Gullett E l, Autochthonous American Moor Alien Friend
Prisoner of War for National Liberation : [62013-018, Unit J-120]
Unlawfully Detained at:
Federal Correctional Complex USP-1, Coleman, Florida, 33521-1033

21 of 21

5:17-cv 527-Oc-15PRC

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gullett, Taquan | Lockett, Charles L., et al. |

(b) County of Residence of First Listed Plaintiff  Molly's Garden Countee, Timucuan, Al Andalusia Northwest Amexem
(EXCEPT IN U.S. PLAINTIFF CASES) (Morocco)

County of Residence of First Listed Defendant  Sumter County, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
N/A In Propria Persona

Attorneys (If Known)
N/A personal private capacity

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☒ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28 U.S.C. §§ 2241 - 2243 et seq.
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 187,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ___ DOCKET NUMBER ___

DATE  Twenty-Ninth Day of Tenth Month 1437 [G.C.Y.~ October, 29 - 2017]
SIGNATURE OF ATTORNEY OF RECORD  Maulih Taquan Rahala Gullett El, Autochthonous American Moor Alien Friend

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

62013018