

FILED

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA OCALA 2017 NOV 27 PM 1:35

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Gullett, Taquan,
  In Propria Persona, Claimant, Affiant.

V.

Lockett, Charles L.; personal private capacity,
Miller, G.; personal private capacity,
Reiser, Steven; personal private capacity,
Sena, E.; personal private capacity,
Dunn, G.; personal private capacity,
Kleckner, M; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Cassulo, Kim; personal private capacity,
Hernandez, Samuel; personal private capacity,
Hammer, Michael; personal private capacity,
Brown, Larry; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldcow, W. Stephen; personal private capacity,
Andre, Julian Lucien; personal private capacity,
Ostiller, Cathy; personal private capacity,
Radin, Moriah; personal private capacity,
Cowan, Andrew; personal private capacity,
Jauregui, Eddie; personal private capacity,
Chooljian, Jaqueline; personal private capacity,
Barksdale, Patricia; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Snyder, Christina A.; personal private capacity,
  Respondent(s).

Claim Number: _____

# MODIFIED
# AFFIDAVIT FOR HABEAS CORPUS

In accord with:
Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960

Madrid Convention for Protection in Morocco (1880) codified at: [18 U.S.C. Chapter 7 § 112]

Treaty of Peace and Friendship (1787) and United States for America Organic Constitution (1787) Article One, Section Nine and Amendments 1-10 codified at:

[ 28 U.S.C. §§ 2241-2243 et seq. ]
[ 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997,
1986, 1985, 1981, 1994, 1983, 1991, 2000 ]
[ 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512,
1513, 1581, 1583, 1584, 1585, 1586, 1590,
1592, 1593, 1593A, 1594, 1595, 1651 ]
[ 15 U.S.C. §§ 1, 2 ]
Rome Statute

" Natural Equity Claim "
# CONTRACT UNDER SEAL

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in sui juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court Personal Replevin Claim #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287].


2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran ⑦ Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention For Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.


3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2].

4.

## Jurisdiction and Venue

4. Jurisdiction and venue are properly passed before this District Court in accord with The Treaty of Peace and Friendship (1787), Zodiac Constitution AA222141 (A1-Truth), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, United states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994; 42 U.S.C. §§ 1981-2000 et seq.].

5. In accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, and United Nations Declaration of Independence to Colonial Countries and Peoples (1960) codified at [42 U.S.C. § 1981], this Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal does "make and enforce" "equal rights under the law":

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens;

(b) The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship;

(c) The rights protected in this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal are protected against impairment.

## Definitions

6. For the purpose of this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal, the term "Alien" means any people or person(s) not a citizen or national of the United States [see 8 U.S.C. §1101]. The term "Alien (Foreign) Estate" includes possessions of an Alien (Foreign) Estate and self-governing dominions and/or territories under mandate or trusteeship shall be regarded as separate Alien (Foreign) Estates [8 U.S.C. §1101];

A. The term "Alien (Foreign) Government" means the government of an Alien (Foreign) country, Alien (Foreign) countee [county], Alien (Foreign) nation, and/or Alien (Foreign) Estate, irrespective of recognition by the United States [see [18 U.S.C. §1116(b)(2)];

B. The term "Family" includes a spouse, parent, brother, sister, child, or person to whom the Alien (Foreign) Official or Internationally Protected Person stands in loco parentis or any other person living in his/her household and related to the Alien (Foreign) Official or Internationally Protected Person by blood or marriage [see 18 U.S.C. §1116(b)(1)];

C. The term "Alien (Foreign) Official" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien (Foreign) Minister, Alien (Foreign) Consul, or other officer of an Alien (Foreign) Government, or any people(s) or person(s) who have previously served in such capacity, and any member of her/his family, while in the United States; and any peoples or persons(s) of an Alien (Foreign) nationality who is duly notified to the United States as an officer or employee of an Alien (Foreign) Government who is in the United States and any member of his/her family whose presence in the United States is in connection with the

presence of such officer or employee [see 18 U.S.C. §1116(b)(3)];

D. The term "Internationally Protected Person" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien(Foreign) Minister, Alien(Foreign) Consul, or other officer of an Alien(Foreign) Government whenever such people(s) or person(s) are in his/her own country or countee [county] or nation, or Estate, or other than his/her own country or countee [county] or nation, or Estate, and any member of his/her family accompanying him/her; and any other representative, officer, employee, or agent of his/her Alien (Foreign) Government, of the United States Government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his/her people(s), person(s), freedom, possessions, property, dignity, and any member of his/her family [see 18 U.S.C. §1116(b)(4)];

E. The term "Contract Under Seal" means a formal contract that requires no consideration and has the seal of the signer attached. A Contract Under Seal must be in writing or printed on paper or parchment and is conclusive between the parties when signed, sealed, and delivered. Delivery is made either by actually handing it to the other party (or party's representative) or by stating an intention (Certificate of Service) that the deed be operative even though it is retained in the possession of the party executing it [see Black's Law Dictionary (BLD) 8th Ed.; Corpus Juris Secundum (C.J.S.) Contracts §85];

E.1. "The only formal contract of English law is the Contract Under Seal, sometimes also called a deed and sometimes a specialty. It is the only formal

contract, because it derives its validity neither from the fact of agreement, nor from the consideration which may exist for the promise of either party, but from the form in which it is expressed" [see William R. Anson, Principles of the Law of Contract 82 (Arthur L. Corbin ed. 3d Am. ed. 1919)];

E. 2. "Contracts Under Seal" also bear little resemblance to ordinary contracts. A contract Under Seal, that is to say a deed, ~~although here at least the liability is based~~, ... is a written promise or set of promises which derives its validity from the form, and the form alone, of the executing instrument. In point of fact the 'form' of the deed is nowadays surprisingly elastic. The only necessities are that the deed should be intended as such, and should be signed, sealed, and delivered. Delivery is not literally necessary provided that there is a clear intention (Certificate of Service) that the deed should be operative" [see P. S. Atiyah, An Introduction to the Law of Contract 31 (3d. ed. 1981)];

F. The term "Seal" means a fastening that must be broken before access can be obtained, especially a device or substance that joins two things, usually making the seam impervious — also termed common-law seal; "Seal" means to authenticate or execute a document by use of a seal, or to close an envelope tightly [see BLD 8th Ed.];

G. The term "Mailbox Rule" means the contracts principle that an acceptance becomes effective once it has been properly mailed (signed, sealed, and intended to be delivered); also the principle that when an affidavit or other document is filed or served by mail, filing or service is deemed to have occurred on the date of mailing (signing, sealing, and intending to be delivered) [see BLD 8th Ed.];

H. The term "Equity" means fairness, impartiality, evenhanded dealing; or the body of principles constituting what is fair and right; natural law < the concept of "inalienable rights" reflects the influence of equity on the Declaration of Independence >. "In its popular sense equity is equivalent to 'natural justice', but it would be a mistake to suppose that equity as administered by the courts, embraces a jurisdiction as wide and extensive as that which would result from carrying into operation all the principles of natural justice. A large portion of natural justice in its widest sense is thus not judicially enforced, but is left to the conscience of each individual" [see R.E. Megarry, Snell's Principles of Equity 1 (23rd Ed. 1947); BLD 8th Ed.)];

H. 1. Equity means the recourse to principles of justice to correct or supplement the law as applied to particular circumstances < the judge decided the claim by equity because the statute did not fully address Affiant's issues >. Also termed Natural Equity [see C.J.S. Equity §§ 2-5, 7-8, 10];

I. The term "Letter Rogatory" or "Letter of Request" means a document issued by one court to a foreign court, requesting that the foreign court (A) take evidence from a specific person within the foreign jurisdiction or serve process on an individual or corporation within the foreign jurisdiction and (B) return the testimony or proof of service for use in a pending claim [see Federal Rules of Civil Procedure (F.R.Civ.P.) 28; BLD 8th Ed.].

## Letter Rogatory

7. In accord with [28 U.S.C. § 2241], this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. This Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall extend to Affiant as he is unlawfully detained under or by color of the authority of the Respondent(s); and/or he is unlawfully detained in violation of the Constitution or laws or treaties of the United States; and/or he is an Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association who is unlawfully detained for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order, or sanction of his Alien (Foreign) Estate, or under color thereof, the validity and effect of which depend upon the law of nations.

8. In accord with [28 U.S.C. § 2243], the court, justice, or judge entertaining this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall forthwith award the writ or issue an order directing the respondent(s) to show cause why the writ should not be granted. The writ or order to show cause shall be directed to the respondent(s) and it shall be returned within three (3) days unless for good cause additional time, not exceeding twenty (20) days, is allowed. The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

9. <u>NOTICE AND OPPORTUNITY</u>: Should respondent(s) fail to timely answer or respond within three(3) days, not exceeding twenty(20) days, a judgment by default will be entered against all respondent(s) for the judgment relief demanded herein this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other respondent(s). Each respondent(s) must file their answer or response with the court.

10. In any civil action in federal district court, the Federal Rules of Civil Procedure [F.R.Civ.P.] apply, unless Congress has provided a clear exception in a statute or unless the action is of a type listed as an exception in F.R.Civ.P. 81 [see F.R.Civ.P. 1 - Scope and Purpose; <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 134-135, 112 S.Ct. 1076, 117 L.Ed. 2d 280 (1992); <u>Walsh v. Ford Motor Co.</u>, 807 F. 2d 1000, 1012 (D.C.Cir. 1986); F.R.Civ.P. 81]. Regarding this instant action, Congress has provided a clear exception in a statute [28 U.S.C. §§ 2241-2243 et seq.] and this action is of a type listed as an exception in F.R.Civ.P. 81.

11. In habeas corpus proceedings, federal rules apply only when statutes and specific habeas corpus rules fail to prescribe procedure. Nominally, habeas corpus is a civil proceeding, even when it's purpose is to challenge custody of a prisoner that has resulted from alleged criminal proceedings [see <u>Harris v. Nelson</u>, 394 U.S. 286, 293, 89 S.Ct. 1082, 22 L.Ed. 2d 381 (1969)]. Habeas Corpus proceedings are not suitable for blanket application of F.R.Civ.P. Rule 81 spells out the F.R.Civ.P. only apply to habeas corpus proceedings to the extent that the statutory [28 U.S.C. §§ 2241-2243 et seq.] procedures and

specific rules fail to proscribe procedures [see F.R.Civ.P. 81(a)(4); Ebert v. Clarke, 320 F.Supp 2d. 902, 904 (D. Neb. 2004)]. Service of pleadings for habeas corpus applies the F.R.Civ.P. [see Richmond v. Scibana, 2004 U.S.Dist. LEXIS 23443, at *4 (W.D. Wis., Nov. 16, 2004)]. Therefore, this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal action is primarily governed by the aforementioned international treaties [see paragraphs 1, 2, 3, & 4] and the habeas corpus statutes [28 U.S.C. §§ 2241 - 2243 et seq.] with the F.R.Civ.P. only as gap-filling procedural provisions only to the extent that the aforementioned international treaties and habeas corpus statutes (collectively refered to hereinafter as "the Rules") fail to provide appropriate procedural provisions [see F.R.Civ.P. 1, 81(a)(3)].

12. Federal courts are required to construe the Rules governing this civil action in a manner that will secure the just, speedy, and inexpensive determination of every action and proceeding [see F.R.Civ.P. 1] and this is the fundamental policy of the Rules to be followed by the federal courts in any civil action [see Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 2d. 265 (1986); F.R.Civ.P. 56 - governing summary judgment]. The parties to a civil action have a responsibility to use the Rules to secure the just, speedy, and inexpensive determination in every action and proceeding [F.R.Civ.P. 1] and this requires parties to be cooperative to the extent that is permissible with effective advocacy and to refrain from over-use, mis-use, or abuse of procedural tools that would increase costs or result in delay [see J.I. Case Co. v. Bank, 377 U.S. 426, 435, 84 S.Ct. 1555, 12 L.Ed. 2d. 423 (1964); Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 27 (2d. Cir. 2010); Dan King Prods., Inc. v. Hopkins, 2004 U.S.Dist. LEXIS 25917, at *8 (S.D.N.Y. Dec. 23, 2004)].

13. The Supreme Court stated in <u>Walker v. Johnson</u> that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to a discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district court to discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected Natural and Human rights [see <u>Browder v. Director</u>, 434 U.S. 257, 266 n.10 (1978); <u>Walker v. Johnson</u>, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243 et seq.] authorizes — indeed, it requires — the court to treat Affiant's Modified Affidavit for Habeas Corpus Natural Equity Claim Contract Under Seal itself as the equivalent of an Affiant-Initiated Summary Judgment and "forthwith to award the writ" [see 28 U.S.C. §2243]. Summary judgment is appropriate when there are no genuine issues or disputes of material fact and moving party (Affiant) is entitled to judgment as a matter of law [see F.R.Civ.P. 56; <u>Valles v. Lynaugh</u>, 835 F.2d 126, 127 (5th Cir. 1988); <u>Blackledge v. Allison</u>, 431 U.S. 63, 80-81 (1977); <u>Johnson v. Rogers</u>, 917 F.2d 1283, 1284-85 (10th Cir. 1990)].

## Statement of Claim for Relief

14. On or about December 2014 through currently present day, an alleged criminal prosecution was initiated against Affiant [see Case #2:14-cr-0025-CAS; and Common Law Abatement]. In accord with the due process protections of International law, National law, and Local law, any genuine criminal prosecution can only be initiated by a criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual injured party.

The Supreme Court in Sherar v. Cullen, 481 F.2d 945 (1973) U.S. App. LEXIS 8988; S.Ct No. 71-1558 (July 3, 1973), holds "for a crime to exist there must be an injured party. There can be no sanction or penalty imposed upon one because of his exercise of constitutionally protected rights." Further, united states for America Organic Constitution (1787) Amendment Four holds "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." And, Amendment Five holds "No person shall be... deprived of life, liberty, or property without due process of law." All of the foregoing means that any genuine criminal prosecution can only be initiated by a genuine criminal complaint supported by a verified oath affidavit of probable cause sworn or affirmed by an actual injured party. If the initiation of an alleged criminal prosecution is lacking any of the foregoing elements then there are serious violations and infringements of Affiant's Natural and Human Rights to due process of International law, National law, and Local law, and there is no jurisdiction in personam nor in subject-matter nor in territory for any alleged criminal prosecution. Even further, there can be no convening of a genuine grand jury to produce a genuine indictment without first having a genuine criminal complaint supported by a verified oath affidavit of probable cause sworn or affirmed by an actual injured party. Any grand jury that is convened not based upon a verified criminal complaint supported by an affidavit of probable cause from an actual injured party is a defective grand jury. And any indictment produced from such defective grand jury is a defective indictment. There is no evidence whatsoever of any criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual injured party from the initiation of the alleged criminal prosecution against Affiant throughout currently present day, and Affiant knows that none exists.

15. On or about January 2017 through March 2017, Affiant filed several Petitions for Stay of Execution and Enforcement of Judgment Pending Appeal and Certiorari (hereinafter "Stay Applications") <u>with a security bond</u> included therewith, to the United States District Court Central California Los Angeles Division [See Case 2:14-cr-00725-CAS Docket]; to the Ninth Circuit Court of Appeals [see 9th Cir. Appeal 17-50093 and Appeal 17-50096 Dockets]; and to the Supreme Court of the United States. In accord with [28 U.S.C. § 2101(f)], Affiant is entitled to this stay of execution and enforcement of judgment as a matter of law to enable him to obtain a writ of certiorari from the Supreme Court. In accord with [28 U.S.C. § 2101(e)], an application to the Supreme Court for a Writ of Certiorari to review a case before judgment has been rendered in the court of appeals <u>may be made</u> <u>at any time before judgment</u>. All of Affiant's several Stay Applications were ignored (deliberate indifference) by all the above-mentioned courts, judges and justices thereof. If any of Affiant's several Stay Applications would have been entertained and granted, as is his right and entitlement as a matter of law, then Affiant would currently be free from this instant unlawful and unconstitutional detainment on his Appearance Bond/Recognizance Bond pending appeal and certiorari [see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1,2,3,4,5,6,7,8,9,10, 11,12,13,15, 20,28,29; united states for America Organic Constitution (1787) Amendments 1 (redress of grievances), 5 (due process of law), 8 (right to bail)].

16. On or about March 15, 2017, Affiant was offered voluntary servitude at a federal institution to be designated and was offered a voluntary surrender date of April 17, 2017. Affiant did not consent nor accept nor volunteer for the offer of voluntary servitude nor the offer of voluntary surrender [See Case # 2:14-cr-00735-CAS Docket]. On or about March 17, 2017, Affiant filed Notice of Appeal [see 9th Cir. Appeal 17-50093 and Appeal 17-50096]. On or about March 29, 2017, Affiant was offered a voluntary servitude designation at FCI Coleman Medium. Affiant did not consent nor accept nor volunteer for this offer previously, and again he did not consent nor accept nor volunteer for this offer [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court Personal Replevin Claim # 17-CA-2142/2144; CAVEAT # 17-CP-1030/1025; NOTICE OF TRUST # 17-CP-1286/1287]. Sometime between March 29, 2017, and July 20, 2017, allegedly, a bench warrant was issued for alleged violation(s) of condition(s) of (pretrial/postrial) supervised release.

17. On or about July 20, 2017, Affiant was unlawfully and unconstitutionally arrested and detained (kidnapped/abducted/assaulted/human trafficked) by respondent(s) from his Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association's Diplomatic Ministerial Consulate which is physically located in Molly's Garden Countee, Timucuan, Al Andalusia, Northwest Amexem (Morocco) [see 4th Judicial Circuit Probate Court Personal Replevin Claim # 17-CA-2142/2144; CAVEAT # 17-CP-1030/1025; NOTICE OF TRUST # 17-CP-1286/1287] around and about Jacksonville, Duval County, Florida state. Affiant and Affiant's Family are "Alien" and an "Alien (Foreign) Estate" within the meaning of [8 U.S.C. §1101], and Affiant and Affiant's Family are an "Alien (Foreign) Government", "Alien (Foreign) Officials", and "Internationally Protected Persons(s)"

within the meaning of [18 U.S.C. §1116 (b)(1),(2),(3),(4)][see 18 U.S.C. Chapter 7 §112]. Affiant was and is duly notified to the United States as an Officer of an Alien (Foreign) Government now at present, nunc pro tunc, and henceforth. Affiant's Diplomatic Ministerial Consulate was not contacted and notified upon his unlawful and unconstitutional arrest and detainment. Respondent(s) did cause injury and damage to Affiant, Affiant's Family, and Affiant's Diplomatic Ministerial Consulate by trespass, breaking and entering, burglary, assault by deploying tear gas, spraying with pepper spray/mace, drawing and directly pointing guns and tasers, kidnapping/abducting/human trafficking, unlawfully detaining and arresting, falsely imprisoning, subjection to peonage, slavery, involuntary servitude, piracy, genocide, and oppression [see 18 U.S.C. Chapter 7 §112 ; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2; see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15 (right to nationality/change nationality), 18 (freedom of religion), 20 (freedom of association), 28, 29; united states for America Organic Constitution (1787) Amendments 1 (freedom of association/religion; redress of grievances), 4 (unlawful search + seizure, no Warrants but upon probable cause particularly describing place and person), 5 (due process of law), 6 (informed of nature and cause; compulsory process for witnesses in favor), 8 (right to bail)].

18. Further, herein is evidence for reasonable and probable cause to believe that Respondent(s) are engaged in a "pattern and/or practice of deprivation of and resistance" to the full enjoyment of such Natural and Human rights, privileges, and immunities secured and/or protected by the Constitution or laws of the United States causing Affiant, Affiant's Family, Affiant's Alien (Foreign) Government, Affiant's Alien (Foreign) Estate, and Affiant's Alien (Foreign) people(s) grievous harm, injury, and damage [see 42 U.S.C. §§ 1997a, 2000]. Even further, Respondent(s) are engaged by concerted and active participation in a pattern and/or practice of discrimination in the deprivation and denial of Natural and Human rights by deliberate indifference towards claimes stated, noticed, and filed, and recorded in redress for the deprivation and denial of Natural and Human rights; and by negligence in prosecuting claims stated, noticed, filed, and recorded; and by particularly selective discrimination against any people who claim Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association nationality and/or Moorish-American nationality. More evidence of this is that Respondent(s) have placed the discriminatory, prejudicial, disparaging, and derogatory label of "Sovereign Citizen" upon Affiant, Affiant's Family, and Affiant's people, and Respondent(s) appropriate selective, malicious, and vindictive prosecution against Affiant, Affiant's Family, and Affiant's people for our resolutions in redress of grievances for deprivation and denial of our Natural and Human rights, privileges, and immunities. Respondent(s)' actions, deliberate indifference, and negligence does constitute a willful and intentional Denial of Justice and Denial of Equality Before the Law [see 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242; see Geneva Conventions and all annexes thereto; see United Nations Declaration of Independence to Colonial Countries and Peoples (1960); see Universal Declaration of Human Rights (1948)]

19. By its very definition, one cannot be compelled to "volunteer" for anything (i.e. surrender, servitude) [see Black's Law Dictionary (BLD) 2nd & 8th Editions; Webster's 3rd Int'l Dictionary - volunteer, voluntary, voluntarily, voluntariness]. It is alleged that Affiant became a "fugitive from justice" upon the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release and non-consent, non-acceptance, and non-volunteering for voluntary surrender and servitude. The term "fugitive" means a criminal suspect who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, especially by fleeing the jurisdiction or by hiding [see BLD 8th; 18 U.S.C.A. §1073].

20. Already established is the fact that there is no evidence whatsoever of any criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual injured party from the initiation of the alleged criminal prosecution against Affiant throughout present day, and Affiant knows that none exists. Also established is the fact that any alleged indictment in the alleged criminal prosecution against Affiant was produced from a defective grand jury so it is a defective indictment. But further, Affiant is not presently nor has he ever been a fugitive from justice as he has never hid, fled, took flight, evaded, or escaped arrest, prosecution, imprisonment, or service of process [see 9th Cir. Appeal 17-50093 and Appeal 17-50096; 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287]. Even further, non-consent, non-acceptance, and non-volunteering for an offer of voluntary surrender and servitude is not, and is distinctly distinguished from, failure to appear, hiding, fleeing, flight from prosecution, evading, and escape. It is a well settled maxim of law that there must be an adjudication of guilt to

even charge such conduct, behavior, or activity as a liability, sanction, or punishment to anyone [See Geneva Conventions and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 21, 28, 29; united states for America Organic Constitution (1787) Amendments 1 (freedom of association), 4 (no Warrants but upon probable cause particularly describing place and person), 5 (due process of law), 6 (informed of nature and cause, compulsary process for witnesses in favor), 8 (right to bail)].

21. On or about July 20, 2017, upon Affiant's unlawful and unconstitutional arrest and detainment (kidnapping/abduction/human trafficking), Affiant's Diplomatic Ministerial Consulate was not contacted and informed of his unlawful and unconstitutional arrest and detainment. Affiant's unlawful and unconstitutional arrest and detainment was alleged to be from a bench warrant issued out of the District Court Central California Los Angeles Division for alleged violation(s) of condition(s) of (pretrial/postrial) supervised release. That same day [July 20, 2017], Affiant was brought human trafficked to court at District Court Middle Florida Jacksonville Division [see Case# 3:17-mj-01265-JBT].

22. Federal Rules of Criminal Procedure (F.R.Crim.P.) 40 prescribes the procedure the District Courts <u>must</u> follow for an arrest for allegedly violating condition(s) of release set in another district. F.R.Crim.P. 40(b) requires the judge <u>must</u> proceed under F.R.Crim.P. 5(c)(3). Affiant was not afforded his due process of law protections of proceedings in accord with F.R.Crim.P. 40, 5(c)(3), and united states for America Organic Constitution (1787) Amendment 5 (due

process of law). Affiant was not informed of his rights under F.R.Crim.P. 20, or under united states for America Organic Constitution (1787) Amendment 6 (informed of nature and cause of accusation). Affiant did not waive any of his rights at any time, so Affiant's right to a show cause hearing on the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release is preserved [see F.R.Crim.P. 5(c)(3)(B)]. The alleged bench warrant for alleged violation(s) was allegedly produced out of the District Court Central District California, so Case # 3:17-mj-01265-JBT and unlawfully arrested and detained Affiant were required to be transferred to the District Court Central District California for a show cause hearing on the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release, but that never happened [see F.R.Crim.P. 5(c)(3)(B)].

When there is no waiver of the right to a show cause hearing in the district where the alleged bench warrant(s) issued on the alleged violation(s), the magistrate judge conducting the initial appearance in the district of arrest **must** order a transfer to the district where the alleged bench warrant(s) issued [see F.R.Crim.P. 5(c)(3)(B); 18 U.S.C. §3653]. Also, there are two preconditions to the transfer order: **First**, the alleged bench warrant(s) on the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release issued from the Central District of California Los Angeles Division **must** be produced [see F.R.Crim.P. 5(c)(3)(D)(i)]; and **Second**, the District Court Middle Florida Jacksonville Division **must** determine that the unlawfully and unconstitutionally arrestee/detainee is actually the same person as is named in the alleged bench warrant(s) [see F.R.Crim.P. 5(c)(3)(D)(ii)].

23. On or about July 26, 2017, unlawfully and unconstitutionally arrested and detained Affiant was human trafficked again to court at District Court Middle Florida Jacksonville Division for an identity hearing [see Case # 3:17-mj-01265-JBT]. The standard of proof for identity was not met. (A) The alleged bench warrant(s) alleged that the name of the arrestee is TAQUAN RASHE GULLETT, but the respondent(s) unlawfully and unconstitutionally arrested and detained a TAQUAN RIDGENT GULLETT [see united states for America Organic Constitution (1787) Amendments 5+6]; (B) The alleged bench warrant(s) alleged that the unlawful and unconstitutional arrestee/detainee has "no identifying marks, scars, or tattoos," but the respondent(s) unlawfully and unconstitutionally arrested and detained a man with a tattoo covering his left shoulder [see united states for America Organic Constitution (1787) Amendments 5+6]; (C) There was no finger prints match positive identification, there was no DNA match positive identification, and there was no Central District Calif ornia Los Angeles Division case agent eye-witness match positive identification [see united states for America Organic Constitution (1787) Amendments 5+6]. United States v. Whitehurst, 116 F.R.D. 511, 512-513 (D. Minn. 1987) holds that "normally, any form of identification, including hearsay, will be sufficient. However, when the defendant presents substantial evidence contravening the purported identification, a higher standard of proof may be required" [see F.R.Crim.P. 40, 5(c)(3); see Geneva Conventions; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29].

24. F.R. Crim. P. 40(c) requires that any departure from Affiant's prior conditional release order <u>must</u> be stated, substantiated, and verification signed in writing. A magistrate judge in the district with actual unlawful and unconstitutional detention of the arrestee <u>must</u> take into account any (pretrial/postrial) conditional release order binding the unlawful and unconstitutional arrestee that was imposed in the Central District California Los Angeles Division where the alleged bench warrant(s) for the alleged violation(s) of condition(s) of (pretrial/postrial) supervised release issued. If the magistrate, in choosing whether to unlawfully and unconstitutionally detain or lawfully and constitutionally <u>discharge</u> ~~release~~, elects to depart from preexisting conditional release orders, the magistrate <u>must</u> set forth the reasons for doing so in writing [See F.R. Crim. P. 40(c); <u>United States v. Whitehurst</u>, (supra); <u>United States v. Godines-Lupian</u>, 2011 U.S. Dist. LEXIS 116040, at *4-5 D.P.R. (Oct. 5, 2011]. Further, <u>United States v. Zhu</u>, 215 F.R.D. 21, 26 (D. Mass 2003), holds that "it would be <u>inconsistent</u> for the magistrate judge to be empowered to release an arrestee who had failed to appear altogether, but not to release one who only violated conditions of release in a minor way." <u>Affiant clearly restates here, he has no failures to appear, nor hiding, nor fleeing, nor taking flight, nor evading, nor escaping, and the law requires an adjudication of guilt to even charge such conduct, behavior, or activity as a liability, sanction, or punishment</u> [See Geneva Conventions and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1,2,3,4,5,6,7,8, 9,10,11,12,13,15,20,28,29; United States for America Organic Constitution (1787) Amendments 1,4,5,6,8].

25. On or about July 26, 2017, Affiant was unlawfully and unconstitutionally detained and human trafficked by respondent(s) to Bradford County (Florida) Jail. On or about August 3, 2017, Affiant was unlawfully and unconstitutionally detained and human trafficked by respondent(s) to Federal Correctional Complex United States Penitentiary 1 (USP-1), Coleman, Florida. The offer to Affiant of initial designation, which was not consented nor accepted nor volunteered for, was to FCI Coleman Medium and this designation was based upon Affiant's alleged Criminal History Points, alleged Criminal History Score, alleged Security Points, alleged Current Offense, and alleged Custody Classification in accord with Federal Bureau of Prisons (B.O.P.) Program Statement policy (local law) [see Program Statement (P.S.) 5100.08 - Inmate Security Designation and Custody Manual]. Affiant does not have a violent criminal history, nor any violent (allegations) or drug current offense charges, nor any maximum security USP-1 points to substantiate being arbitrarily and capriciously subjected to unlawful detainment at Coleman USP-1. B.O.P.'s [P.S. 5100.08] states that "B.O.P.'s classification, designation, and redesignation procedures are consistent with the statutory authority contained in [18 U.S.C. § 3621(b)]. All classification, designation, and redesignation decisions are made without favoritism given to an inmate's social or economic status; and, the expected results of this Program Statement are to make the environment in which inmates are housed safer for both inmates and staff; and, inmate designation lasts for 120 days if a person has not arrived at a B.O.P. facility and is not cancelled and the reason for cancellation must be documented with a comment" [see P.S. 5100.08(1); 2(b); (2)(m)(1)]. [NOTE: The unaccepted, unconsented, and unvolunteered for offer of voluntary surrender and servitude was designated for FCI Coleman Medium on April 17, 2017. Affiant was human trafficked to and unlawfully/unconstitutionally detained at

Coleman V SP-1 on or about August 3, 2017 (approximately 103 days). Further, respondent(s)' arbitrary and capricious subjection of Affiant to unlawful detainment at maximum security Coleman USP-1, rather than FCI Coleman Medium is neither without favoritism given to an unlawfully/unconstitutionally detained inmate's social or economic status, nor safer for an unlawfully/unconstitutionally detained inmate. It seems that respondent(s)' actions in this matter are inconsistent with International law (Geneva Conventions, U.N. Declaration of Independence (1960), Universal Declaration of Human Rights (1948)), Federal law (18 U.S.C. § 3621(b)), and Local law (P.S. 5100.08). [See united states for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8; Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29].

26. Even further, there is no provision or requirement in B.O.P. Program Statement policy, Code of Federal Regulations, United States Code, or otherwise, to punish someone by arbitrary and capricious subjection to unlawful/unconstitutional detainment at a maximum security USP-1 for not accepting, not consenting, and not volunteering for an offer of voluntary surrender and servitude, especially when that someone does not have a violent criminal history, nor any violent or drug current offense/charges (allegations), nor any maximum security USP-1 points. P.S. 5100.08's Security Designation Data and Custody Classification Form (BP-338) score a minus three (-3) points subtracted from the Security Points Total when the alleged Judgment indicates there was an offer to voluntarily surrender [see P.S. 5100.08 Chapter 4, Page 5, Page 16]. There is no provision or requirement to arbitrarily and capriciously add three (+3) points to the Security Points Total when there is non-consent, non-acceptance, and non-volunteering for an offer of voluntary surrender and servitude;

the [alleged] Judgment still indicates there was an offer. Also, [P.S. 5140.43] - Unescorted Transfers and Voluntary Surrenders - details the procedure for failure to report for voluntary surrender which includes a provision for a request for a delay in reporting (i.e. Affiant's Stay Applications) [see P.S. 5140.43(3)(a); Form BP-AO 385 - Authorized Unescorted Commitments and Transfers; 28 C.F.R. § 522.30]. Moreover, the law requires that there be an adjudication of guilt for failure to appear, hiding, fleeing, flight, evading, or escape to even charge such conduct, behavior, or activity as a liability, sanction, or punishment to anyone. Title [5 U.S.C. § 706 (2)(a)] states that "agency actions will be upheld unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [see Geneva Conventions and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 20, 28, 29; united states for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8].

27. On or about August 23, 2017, approximately two weeks prior to the B.O.P. mandated initial classification unit team meeting with staff assistance, Respondent(s) [E. Sena] did attempt to coerce Affiant into signing an Institutional Financial Responsibility Program (IFRP) payment contract which was back-dated to August 8, 2017. Affiant did place his restricted signature indorsement upon the contract in reservation of his right to review the [alleged] Judgment and commitment paperwork with unit staff assistance at the initial classification unit team meeting.

28. The term "Signature" means a persons name or mark written by that person or at the person's direction; (Commercial Law) any mark, name, or writing used with the intention of authenticating a document [U.C.C. §§ 1-201(b)(37), 3-401(b); BLD 8th Ed.]. "The signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer." [Restatement (Second) of Contracts § 134 (1979)].

29. The term "Restricted Indorsement" means an indorsement that restricts the instrument in some way, as by limiting how the instrument can be paid or transferred; an indorsement giving possession of the instrument to the indorsee, but retaining title until the occurrance of some condition named in the indorsement [see BLD 8th Ed.]

30. Affiant did not "verbally refuse to participate in the IFRP program" and Affiant did "demonstrate a willingness to participate in the program" [see 28 C.F.R. 545.10 et seq.; Program Statement (P.S.) 545.11(d)]. Respondent(s) [E. Sena] then placed Affiant's Trust Fund account into "IFRP Refused" restriction as punishment, even though Affiant did not refuse, approximately two weeks prior to the September 6, 2017 initial classification unit team meeting.

31. Further, Respondent(s) [E. Sena] implemented the "IFRP Refused" restriction in this matter prior to the September 6, 2017 initial classification unit team meeting with staff assistance [see P.S. 545.11(8)], the IFRP status was changed from "Unassigned" to "IFRP Refused," and the data was entered into the SENTRY Module prior to the September 6, 2017 initial classification meeting

with unit staff assistance [see Program Statement (P.S.) 545.11(9)].

32. Even further, there was no notification to Affiant about the consequences of being placed on "IFRP Refused" restriction, and there is no evidence of documentation that Affiant was notified and counseled on any change from "Unassigned" to "IFRP Refused" restriction in the Inmate Activity Record [see P.S. 545.11(d)]. If there is any documentation to this effect, it is an inaccurate record and entry.

33. Moreover, it seems that Respondent(s) [E. Sena's] actions in this matter are inconsistent with applicable Federal law, B.O.P. Program Statement policy [local law], and the IFRP SENTRY Technical Reference Manual [local law]. It also seems that ~~Sena's~~ Respondent(s) [E. Sena's] actions in this matter are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and applicable published guidance [see 5 U.S.C. § 706(2)(a); 28 C.F.R. § 545.10]. Additionally, it seems that Respondent(s) [E. Sena], under color of law, statute, ordinance, regulation, or custom, did willfully subject Affiant to the deprivation of his Natural and Human rights, privileges, and/or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, and/or penalties, on account of Affiant being an Alien or by account of Affiant being categorized and labeled with the prejudicial, discriminatory, disparaging, and derogatory term "Sovereign Citizen" [see 18 U.S.C. 241, 242; 28 C.F.R. § 545.10; 5 U.S.C § 706(2)(a); united states for America Organic Constitution (1787) Amendments 4 & 6, Article 1 Section 10].

34. On or about September 6, 2017, Affiant did attempt an Informal Administrative Remedy resolution by sending an electronic "Inmate Request To Staff" [BP-Admin 70] to Respondent(s) [E. Sena, G. Dunn, M. Kleckner], because there were no BP-8's [Informal Administrative Remedy form BP-228] or BP-9's [Formal Administrative Remedy form BP-229] available to use for these resolutions. Although Respondent(s) [E. Sena, G. Dunn, M. Kleckner] were requested to provide the BP-8's and BP-9 forms, no forms were ever provided. Affiant's Informal Administrative Remedy resolution was ignored by Respondent(s) [E. Sena, G. Dunn, M. Kleckner], and Affiant received no response.

35. In accord with [28 C.F.R. § 542.14] and [P.S. 542.14 - Initial Filing], if an inmate requests a BP-8 or BP-9 Administrative Remedy form, staff should advise an informal resolution, but if the inmate persists in wanting the form(s), staff should provide the form(s). In accord with [28 CFR. § 542.13] and [P.S. 542.13 - Informal Resolution], the Warden is responsible to ensure effective informal resolution procedures are in place and good faith attempts at informal resolution are made by both staff and inmates. In accord with [28 C.F.R. § 542.11] and [P.S. 542.11 - Responsibility], the Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel are responsible for the implementation and operation of the Administrative Remedy program. In accord with [28 C.F.R. § 542.16] and [P.S. 542.16 - Assistance], Wardens must insure staff provide assistance in the preparation and submission of an Administrative Remedy. It seems that Respondent(s)' actions in this matter are wholly inconsistent with International law, National law, and Local law.

36. On or about September 15, 2017, in accord with Program Statement (P.S.) 1210.24 and Program Statement (P.S.) 3420.08, 3420.09, and 3420.11 et seq., Affiant did proceed with Formal Administrative Remedy by reporting incidents of staff misconduct in violation of State, Local, or Federal law to the Office of Inspector General and the Office of Internal Affairs to resolve the matter of staff deliberate indifference to Affiant's attempts at Informal Administrative Remedy resolution for being arbitrarily and wrongfully subjected to "IFRP Refused" restriction as punishment for reserving his right to review the alleged judgment and commitment paperwork with unit staff assistance at the initial classification unit team meeting on September 6, 2017, to verify that there is a specific payment schedule set by the ~~judge~~ Respondent(s) [Christina A. Snyder] at the time of alleged sentencing in accord with applicable Federal law [see 28 C.F.R. § 545.10; P.S. §545.10(3)(a); P.S. §545.11]. Affiant received no response.

37. On or about September 29, 2017, Affiant did attempt further Formal Administrative Remedy resolution by electronic "Inmate Request To Staff" to Respondent(s) [Charles L. Lockett, G. Miller, and Steven Reiser] to resolve the matter of being arbitrarily and wrongfully subjected to "IFRP Refused" restriction by Respondent(s) [E. Sena] as punishment for reserving his right to review the alleged judgment and commitment paperwork to verify a specific payment schedule set by the ~~judge~~ Respondent(s) [Christina A. Snyder] at the time of alleged sentencing in accord with applicable Federal law. There were no BP-8 or BP-9 or Standard Form 95 (SF-95) Claim for Damages forms available to use for Affiant's resolutions. Although Respondent(s) [Charles L. Lockett, G. Miller, and Steven Reiser] were requested to provide the BP-8, BP-9, and SF-95 forms, no forms were provided. Affiant's Formal Administrative Remedy resolution was ignored by Respondent(s), and Affiant received no response.

38. It seems that Respondent(s) [G. Dunn, M. Kleckner, Charles L. Lockett, G. Miller, and S. Reiser] are complicit with Respondent(s) [E. Sena's] arbitrary, capricious, and wrongful actions of deprivation of Affiant's Natural and Human rights, privileges, and/or immunities, under color of law by their deliberate indifference and willful and intentional quasi-negligence in implementing corrective action in this matter as they are required by law to do once they were given reasonable notice and opportunity to respond [See 18 U.S.C. §§ 241, 242; 28 C.F.R. § 542.14, P.S. § 542.14; 28 C.F.R. § 542.13, P.S. § 542.13; 28 C.F.R. § 542.11, P.S. 542.11; 28 C.F.R. § 542.16, P.S. 542.16; United States for America Organic Constitution (1787) Amendment 1 (redress for grievances); United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto; Geneva Conventions and all annexes thereto].

39. According to <u>Soroka v. Daniels</u>, 467 F. Supp. 2d 1097 (D. Or. 2006); <u>U.S. v. Gunning</u>, 401 F. 3d 1143 (9th Cir. 2005) in Gunning I, 339 F. 3d 948 (9th Cir. 2003); <u>U.S. v. Miller</u>, 77 F. 3d 71 (4th Cir. 1996); <u>U.S. v. Porter</u>, 41 F. 3d 68 (2nd Cir. 1994); and <u>U.S. v. Mortimer</u>, 94 F. 3d 89 (2nd Cir. 1996); the ~~B.O.P.~~ Respondent(s) [B.O.P.] cannot set or devise a payment schedule for the collection of monies (e.g. alleged restitution and/or alleged fines for the courts). If the alleged judgment and commitment paperwork does not have a <u>specific</u> set payment schedule, set by the Respondent(s) [Christina A. Snyder], at the time of alleged sentencing, then the Respondent(s) [B.O.P.] cannot put Affiant into the Institutional Financial Responsibility Program [See 28 C.F.R. § 545.10].

40. According to [5 U.S.C. §706(2)(a)], agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law — if Respondent(s) [Christina A. Snyder] did not establish a specific schedule of payments to be collected by Respondent(s) [B.O.P.] while Affiant is unlawfully detained and falsely imprisoned, then Respondent(s)' action in doing so under "IFRP," therefore is unlawful in violation of [5 U.S.C. §706(2)(a)]

41. Further, it is a conspiracy against Natural and Human rights if two or more persons conspire [i.e. agreement not to act, deliberate indifference, negligence] to injure, oppress, threaten, or intimidate Affiant in the free exercise or enjoyment of any Natural and Human rights and/or privileges and/or immunities protected and secured to him by the Constitution or laws of the United States; or because of his exercise of the same; or to prevent or hinder his free exercise or enjoyment of any right or privilege so secured [See 18 U.S.C. §§ 241 and 242].

42. In fact, more than the aforementioned deprivation of rights under color of law and conspiracy against rights by agreement not to act, deliberate indifference, and negligence; herein is evidence for reasonable and probable cause to believe that Respondent(s) are engaged in a "pattern and/or practice of discrimination and deprivation and resistance" to the full enjoyment of people's Natural and Human rights, privileges, and immunities [See 42 U.S.C. §§ 1997a, 2000] by agreement not to act, deliberate indifference, and negligence against the entire inmate population in general and more specifically against those who claim Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association nationality and/or Moorish-American nationality. More evidence of this is that Respondent(s) have placed the discriminatory, prejudicial,

disparaging, and derogatory label of "Sovereign Citizen" upon Affiant and Respondent(s) appropriate deliberate indifference to any and all of Affiant's good faith resolutions for redress of grievances. The Respondent(s)' actions, deliberate indifference, and negligence does constitute a willful and intentional Denial of Justice and Denial of Equality Before the Law in violation and infringement of the Universal Declaration of Human Rights (1948) and all annexes thereto, the United Nations Declaration of Independence to Colonial Countries and Peoples (1960), united states for America Organic Constitution (1787), the Geneva Conventions, the Hague Conventions, the Inter-American Conventions, and all annexes thereto.

## Demand for Judgment Relief

43. Affiant respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon his body, his person, and Alien (Foreign) Estate corporeal and incorporeal, pending appeal and certiorari as a matter of law. As aforementioned, Affiant has several Stay Applications with security bond before the District Court Central California Los Angeles Division, the Ninth Circuit Court of Appeals, and the Supreme Court [See 28 U.S.C. 2101(f),(e)]. Affiant has a Natural Equity right to and is entitled to immediate unconditional discharge on his own Recognizance Bond pending appeal and certiorari as a matter of law. Affiant has no adjudication of guilt for failure to appear, hiding, fleeing, flight, evading, or escape. Affiant is not a threat or a danger to the community or to any individual's life, liberty, health, safety, person, or property. Already established is the fact that there is no evidence whatsoever of any criminal complaint supported by a verified

Under oath affidavit of probable cause sworn or affirmed by an actual injured party from the initiation of the alleged criminal prosecution against Affiant throughout present day, and Affiant knows that none exists [See Sherar v. Cullen, 481 F.2d 945 (1973) U.S. App. LEXIS 8988; S.Ct. No. 71-1558 (July 3, 1973)]. Also established is the fact that any alleged indictment in the alleged criminal prosecution against Affiant was produced from a defective grand jury so it is a defective indictment. Based upon all of the foregoing, Affiant's appeal and certiorari are not for the purpose of delay and raise a substantial question of fact and/or law likely to result in an acquittal, a dismissal of all alleged charges, a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the ~~the~~ total of the time already served in pretrial and postrial unlawful detainment and false imprisonment plus the expected duration of the appeal and certiorari process; and

44. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on his Personal Replevin Bond pending appeal and certiorari as a matter of law [See 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim/Bond #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; and NOTICE OF TRUST #17-CP-1286/1287]. For all of the aforementioned reasons, Affiant has a Natural Equity right to and is entitled to, as a matter of law, immediate unconditional discharge on his Personal Replevin Bond pending ~~appeal and~~ certiorari; and

45. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's [immediate] unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law:

A. The term "Mainprise" means (1) delivery of a prisoner to the mainpernor, and/or (2) a suretyship undertaking that makes the surety responsible for an [alleged] prisoner's appearance on a specified date and time, and/or (3) a writ ordering the sheriff to release an [alleged] prisoner after taking security for the [alleged] prisoner's ~~release~~ appearance [see Black's Law Dictionary (BLD) 8th Ed.]; or (4) to release (an alleged ~~imprisoner~~ prisoner) on the surety of a mainpernor;

B. The term "Mainpernor" means a surety for an [alleged] prisoner's appearance; one who gives mainprise for another — also termed mainpriser [see BLD 8th].

46. For all the aforementioned reasons, Affiant has a Natural Equity right to and is entitled to [immediate] unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant does hereby nominate his Uncle for Mainprise/Mainpernor Suretyship. Affiant's relation to his Uncle is close and Affiant's Uncle is a Retired U.S. Army Officer and current Supervisor & Major with GS4 Security. Affiant's Uncle has life-long strong ties and good standing in the Jacksonville Florida community, and if discharged on Mainprise/Mainpernor Suretyship to Affiant's Uncle, Affiant's Uncle would ensure any return in the unlikely event of an unsuccessful appeal and certiorari; and

47. Affiant respectfully seeks an order vacating Respondent(s)' [E. Sena's] arbitrary, capricious, and wrongful decision to place Affiant on "IFRP Refused" restriction; and

48. Affiant respectfully seeks an order vacating all of Respondent(s)' sanctions and unwarranted hardships imposed against him which the "IFRP Refused" restriction entails; and

49. Affiant respectfully seeks a standing order/injunction requiring BP-228 [Informal Administrative Remedy], BP-229 [BP-9 Formal Administrative Remedy], and SF-95 [Standard Form 95-Claim For Damages] forms to be openly available and openly accessible in each unit at all times to the inmate population, throughout all B.O.P. facilities, free from staff deliberate indifference and interference so inmates may have reasonable, adequate, meaningful, and effective recourse to redress grievances in accord with International law, National law, and Local law (Program Statement policy); and

50. Affiant respectfully seeks a standing order/injunction requiring open access at all times to all Diplomatic/Ministerial/Consular Representatives, including without limitation the Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association and the Moorish-American Government, posted on the unit bulletin boards throughout all B.O.P. facilities listing the Diplomatic/Ministerial/Consular Representative's addresses and phone numbers, free from staff deliberate indifference and interference so inmates may have reasonable, adequate, meaningful, and effective recourse to redress grievances in accord with International law, National law, and Local law (Program Statement policy).

34 of 40

51) <u>Claim for Damages - True Bill</u>

$10,000  and/or 10 years imprisonment  [ 42 U.S.C. §§ 1981-2000 et seq / 18 U.S.C. § 241 ]  × 26 = $260,000  and/or 260 years imprisonment

$1,000  and/or 1 year imprisonment  [ 42 U.S.C. §§ 1981-2000 et seq / 18 U.S.C. § 242 ]  × 26 = $26,000  and/or 26 years imprisonment

<u>Sum Certain Total</u>  =  $286,000 and/or 286 years imprisonment

* * * * All Respondent(s) are ~~jointly~~ and severally liable for this Claim * * * *

52) <u>Punitive Damages</u>

| Amount | Imprisonment | Statute | × | Result | Imprisonment |
|---|---|---|---|---|---|
| $10,000 | and/or 10 years imprisonment | [ Chapter 7 18 U.S.C. § 112 ] | × 26 = $ | 260,000 | and/or 260 years imprisonment |
| $1,000,000 | and/or 20 years imprisonment | [ 18 U.S.C. § 1091 ] | × 26 = $ | 26,000,000 | and/or 480 years imprisonment |
| $10,000 | and/or 10 years - <u>Life</u> imprisonment | [ 18 U.S.C. § 1201 ] | × 26 = $ | 260,000 | and/or 260 years - <u>Life</u> imprisonment |
| $1,000,000 | and/or 30 years imprisonment | [ 18 U.S.C. § 1341 ] | × 26 = $ | 26,000,000 | and/or 780 years imprisonment |
| $5,000 | and/or 20 years - Life imprisonment | [ 18 U.S.C. § 1581 ] | × 26 = $ | 130,000 | and/or 480 years - <u>Life</u> imprisonment |
| $5,000 | and/or 20 years imprisonment | [ 18 U.S.C. § 1583 ] | × 26 = $ | 130,000 | and/or 480 years - <u>Life</u> imprisonment |
| $5,000 | and/or 7 years imprisonment | [ 18 U.S.C. § 1585 ] | × 26 = $ | 130,000 | and/or 182 years imprisonment |
| $2,000 | and/or 2 years imprisonment | [ 18 U.S.C. § 1586 ] | × 26 = $ | 52,000 | and/or 52 years imprisonment |
| $10,000 | and/or 20 years - Life imprisonment | [ 18 U.S.C. § 1590 ] | × 26 = $ | 260,000 | and/or 480 years - <u>Life</u> imprisonment |
| $10,000 | and/or 5 years imprisonment | [ 18 U.S.C. § 1592 ] | × 26 = $ | 260,000 | and/or 130 years imprisonment |
| Mandatory Restitution | | [ 18 U.S.C. § 1593 ] | × 26 = | Mandatory Restitution | |
| $10,000 | and/or 20 years - Life imprisonment | [ 18 U.S.C. § 1593A ] | × 26 = $ | 260,000 | and/or 480 years - <u>Life</u> imprisonment |
| $10,000 | and/or 20 years - Life imprisonment | [ 18 U.S.C. § 1594 ] | × 26 = $ | 260,000 | and/or 480 years - Life imprisonment |
| Right to a Civil Action | | [ 18 U.S.C. § 1595 ] | × 26 = | Right to a Civil Action | |
| $250,000 | and/or 30 years imprisonment | [ 18 U.S.C. § 1512 ] | × 26 = $ | 610,000 | and/or 780 years imprisonment |
| $250,000 | and/or 30 years imprisonment | [ 18 U.S.C. § 1513 ] | × 26 = $ | 610,000 | and/or 780 years imprisonment |
| $10,000 | ~~and~~ <u>LIFE</u> imprisonment | [ 18 U.S.C. § 1651 ] | × 26 = $ | 260,000 | and <u>LIFE</u> imprisonment |
| $1,000,000 | and/or 10 years imprisonment | [ 15 U.S.C. § 1 ] | × 26 = $ | 26,000,000 | and/or 260 years imprisonment |
| $1,000,000 | and/or 10 years imprisonment | [ 15 U.S.C. § 2 ] | × 26 = $ | 26,000,000 | and/or 260 years imprisonment |

<u>Punitive Damages Total</u>  =  up to $107,482,000 and/or 6624 year - Life (×5) PLUS LIFE IMPRISONMENT

* * * * All Respondent(s) are jointly and severally liable for this Claim * * * *

35 of 40

53. The Sum Certain Claim for Damages-True Bill for this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal is Two Hundred Eighty-Six Thousand ($286,000.00) Dollars and 00/100 and/or Two Hundred Eighty-Six (286) years imprisonment. The Punitive Damages Total for this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal is up to One Hundred Seven Million Four Hundred Eighty Two Thousand ($107,482,000.00) Dollars and 00/100 and/or Six Thousand Six Hundred Twenty-Four (6624) years to Life(x5) imprisonment PLUS LIFE IMPRISONMENT [see 18 U.S.C. §1651]. The Sum Certain Claim for Damages-True Bill and Punitive Damages Total are payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypotheca-tion Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy. All Respondent(s) are jointly and severally liable for this Modified Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal.

54. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

55. If any portion of this Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal that is found overdue and owing and remains unpaid to Affiant and Affiant's Alien (Foreign) Estate.

56. Respondent(s)' default to this Modified Affidavit for Habeas Corpus Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, consent, and conventio*, to all the terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills herein [see 42 U.S.C. §1981].

57.* The term "Conventio" means to come together (Ecclesiastical Law); the act of convening the parties to an action by summoning the Respondent(s); an agreement or convention; an agreement between two or more people and/or persons respecting a lawful contractual relation between them [see Convention**].

58.** The term "Convention" means an agreement or compact, especially one among nations; a multilateral treaty < the Geneva Convention > [see Treaty; C.J.S. Treaties § 2].

59. <u>NOTICE AND OPPORTUNITY</u>: Respondent(s)' failure to timely and adequately rebut this Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal point-for-point, with supporting documentary evidence, verified under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, <u>not</u> exceeding twenty (20) days from the date of service [date of Clerk's file stamp (see Mailbox Rule; Contract Under Seal)], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). <u>Each of the Respondent(s) must file their answer or response with the court.</u>

### Conclusion

60. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require.

## In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous moral upright integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Twentieth(20ᵗʰ) day of the Eleventh month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437) [Gregorian Calendar Year (G.C.Y.) 2017 – November, 20 ]

## Witness My Hand and Seal:

_Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend_

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation: [62013-018, Unit J-120]
Unlawfully Detained and Falsely Imprisoned at:

Federal Correctional Complex USP-1, P.O. Box 1033, Coleman, Florida 33521-1033

<u>Certificate of Service</u>

I, Jrdaquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man at majority, do certify and affirm that on or about the <u>Twentieth (20th)</u> day of the <u>Eleventh</u> month of the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017-November, 20], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Modified Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal [40 pages (front + back)] x 3; and
2. Request for Service Upon Respondent(s) [4 pages (front + back)]; and
3. Civil Case Cover Sheet [1 page]; and
4. BP-199 Form (Encumbrance #2201; Memo: Habeas Corpus Afdvt; P.O.W. 62013-018 Dated: 11/13/2017) for $5 filing + fee [1 page]; and docketing
5. One (1) Self-Addressed Stamped Envelope [1 envelope] (for return of Afficant's file stamped copy of Prepaid Modified Affidavit For Habeas Corpus).

All documents required for civil case filing and docketing are included and mailed to:

Office of the Clerk of Court
United States District Court for the Middle District of Florida Ocala Division
Golden-Collum Federal Building and United States Courthouse
207 Northwest Second Street, Suite 337
Ocala, Florida 34475-6603

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
_____
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation: [62013-018, Unit J-120]
Unlawfully Detained and Falsely Imprisoned at:
Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033

40 of 40