
Clerk's Original

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

Gullett, Taquan,
  In Propria Persona, Claimant, Affiant.
V.
Lockett, Charles L.; personal private capacity,
Miller, G.; personal private capacity,
Reiser, Steven; personal private capacity,
Sena, E.; personal private capacity,
Dunn, G.; personal private capacity,
Kleckner, M.; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Cassulo, Kim; personal private capacity,
Hernandez, Samuel; personal private capacity,
Hammer, Michael; personal private capacity,
Brown, Larry; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Andre, Julian Lucien; personal private capacity,
Ostiller, Cathy; personal private capacity,
Radin, Moriah S.; personal private capacity,
Cowan, Andrew; personal private capacity,
Jauregui, Eddie; personal private capacity,
Chooljian, Jaqueline; personal private capacity,
Barksdale, Patricia; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Snyder, Christina A.; personal private capacity,
  Respondent(s).

Claim Number: **5:17-CV-527-OC-10PRL**

## AFFIDAVIT FOR HABEAS CORPUS - INTERROGATORIES (ADDENDUM)(ANNEX)

In accord with:
Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960
Hague Conventions
U.N. Declaration on the Rights of Indigenous Peoples (2007)

Madrid Convention for Protection in Morocco (1880)
  codified at: [18 U.S.C. Chapter 7 §112]

Treaty of Peace and Friendship (1787) and united states for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10
codified at:
[ 28 U.S.C. §§ 2241-2243, 2246 et seq.
42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000
18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651 ]
[ 15 U.S.C. §§ 1, 2
Rome Statute
[F.R.Civ.P. 26(b), 33; 22 C.F.R. §§92.54, 92.66(a) ]
"Natural Equity Claim"
CONTRACT UNDER SEAL

## Interrogatories

4. Affidavits are accepted, filed, and admitted in this action, and as such, Affiant does exercise the right to propound written interrogatories [see 28 U.S.C. § 2246; Fed. R. Civ. P. 33]. Affiant declares that he has no initial discovery disclosures to be made as this action is of a type listed as an exception in accord with [Fed. R. Civ. P. 26(a)(1)(B)] [see Moffet v. Gonzales, 2015 U.S. LEXIS 32992 at *9 n.5 (N.D. Cal. Mar. 17, 2015); Hoffman v. Hertz, 2015 U.S. Dist. LEXIS 46016, at *6 (S.D. Ill. Apr. 8, 2015)].

5. **NOTICE AND OPPORTUNITY**: Respondent(s)' failure to timely, adequately, and completely answer this Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal with supporting documentary evidence, under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, not exceeding twenty (20) days from the date of service [date of Clerk's file-stamp (see Mailbox Rule; Contract Under Seal)], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each of the Respondent(s) must file their answer or response with the court and they (answers or response) must be served on Affiant. Respondent(s)' default to this Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, consent, and conventio*, to all the terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills herein [see 42 U.S.C. § 1981].

3 of 23

C. When an interrogatory does not specifically request a particular fact, but when that fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, Respondent(s) should include the fact or those facts as part of the answer. The interrogatory shall be deemed specifically to request whatever fact or facts are needed to make the response comprehensible without reference to any other matter;

D. If Respondent(s) claim any form of privilege with regard to any oral communication, document, or tangible thing, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion of an interrogatory, or for not voluntarily producing any tangible thing or document, set forth in your answers with particularity the name, date, address, occupation and title, and any oral communication or conversation, of the present custodian of any document or tangible thing and a description of each oral communication or conversation, document, or tangible thing (by subject matter or title) that is sufficient to identify the particular communication or conversation or tangible thing without revealing its content, but with sufficient detail to set out the lawful and factual basis for the application of the privilege claimed for that conversation, communication, document, or tangible thing;

E. When statements of factual information are requested, the requested information includes the identification of all formal and informal documentation that explains, clarifies, describes, or in anyway relates to the requested statement of factual information;

C. The term "to 'identify' evidence," in the instance of testimony, identify the individual witness(es) and describe the substance of the testimony; in the instance of a document or other tangible object, describe the object and its location with enough detail to determine the precise object and identify its custodian or identify the document, as previously defined;

D. The term "to 'describe' evidence," state the relevant contents or substance of the evidence; list the reasonable inferences Respondent(s) claim can be drawn from the evidence;

E. The term "Injury/Injured" means ① the violation of another's legal right, for which the law provides a remedy; a wrong or injustice; ② (Scots Law) anything said or done in breach of a duty not to do it, if harm results to another in person, character, or property; ③ any harm or damage; [see Restatement (Second) of Torts §7];

F. The term "Harm" means injury, loss, damage; material or tangible detriment;

G. The term "Damage" means loss or injury to person or property;

H. The term "Loss" means the failure to maintain possession of a thing;

I. The term "Natural Man/Woman" means a human being, male or female; a living flesh and blood natural person or natural people;

<u>Interrogatory 3</u>: State your present address.
ANSWER:

<u>Interrogatory 4</u>: State your present marital status (single, married, separated, widowed, divorced), and if married, state your wife's/husband's full name and present address.
ANSWER:

<u>Genuineness of Allegation(s)/Charging Instrument(s)/Alleged Criminal Prosecution(s)</u>
<u>Interrogatory 5</u>: Identify and describe in detail any <u>Natural Man/Woman Actual Injured Party(ies)</u> by full name, Injury(ies) by name/description, and the approximate period(s) by date and time of injury, and the exact mean(s) and/or method(s) by which said injury(ies) occurred regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:

<u>Interrogatory 6</u>: Identify and describe in detail, including without limitation approximate dates and times, any verified under Oath genuine <u>Affidavit of Probable Cause</u> sworn or affirmed by any above-identified and above-described Natural Man/Woman Actual Injured Party regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:

## Prior Complaints/Claims of Abusive Practices

**Interrogatory 10:** Identify and describe in detail each and every and any and all lawsuits, complaints, claims (insurance), Administrative Remedy, BP-228 [BP-8's], BP-229 [BP-9's], both formal and informal, written or oral, including without limitation the name and address of the Complainant/Claimant and approximate dates and times, brought against you and alleging/charging you with discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

**ANSWER:**


## Treatment of Prior Complaints/Claims of Abusive Practices

**Interrogatory 11:** Identify and describe in detail, including without limitation approximate dates and times, any actions taken by you, your Superior(s)/Supervisor(s), any investigative body, or court, with respect to any of the above-identified and above-described complaint(s)/claim(s).

**ANSWER:**


**Interrogatory 12:** Identify and describe in detail any internal administrative procedures in existence, on or prior to November 27, 2017, [the filing date of this lawsuit], to investigate, prevent, or determine instances of abuses of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

**ANSWER:**

<u>Interrogatory 16</u>: Identify and describe in detail, including without limitation approximate dates and times, all documents and/or materials and/or general orders and/or memoranda and/or circulars and/or policy/program statements and/or bulletins and/or manuals and/or applicable published guidance of any kind distributed, made available, or required to be read by you regarding abuses of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.
<u>ANSWER</u>:

## Insurance Agreements

<u>Interrogatory 17</u>: Identify and describe in detail any bond(s) and/or insurance policy(ies)/agreement(s), including without limitation dates and times of coverage(s) and type of policy(ies)/agreement(s)/coverage(s) and name of insurer(s) and policy number(s), held by you on or before November 27, 2017, [the filing date of this lawsuit], that may be applied to satisfy part or all of any judgment that may be entered against you in this action for your personal liability for any negligence and/or abuse of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.
<u>ANSWER</u>:

9. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on his Personal Replevin Bond pending appeal and certiorari as a matter of law [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim/Bond #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287]. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on his Personal Replevin Bond pending appeal and certiorari as a matter of law; and

10. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law; and

11. Affiant further respectfully seeks an order to vacate and set aside the void ab initio alleged Federal judgment and sentence in this instant matter for lack of jurisdiction, defective indictment, violation and infringement of Affiant's constitutionally protected Natural Right and Human Right to due process of International Law, National Law, and Local Law; and

12. Affiant further respectfully seeks an order vacating Respondent(s)' arbitrary, capricious, abuse of authority/discretion, and wrongful action placing Affiant on "IFRP Refused" restriction; and

16. Affiant further respectfully seeks an order granting an award for compensatory damages and punitive damages to compensate for grievous harm and irreparable injury by false imprisonment; compensation for three (3) years of out-of-pocket expenses related to false imprisonment; mental suffering related to false imprisonment; compensatory damages to vindicate Affiant's Natural Rights and Human Rights; and punitive damages for the wrongful acts of false imprisonment, fraud, collusion, negligence, abuse of discretion/authority, discrimination, deprivation of rights, agreement not to act, and deliberate indifference done maliciously and intentionally by Respondent(s); plus reasonable costs and nominal fees for bringing this action [see Wilson v. Prasse, 325 F. Supp. 9 (W.D.Pa. 1971); Smith v. Wade, 461 U.S. 302 (1983) - $25,000 in compensatory damages and $5,000 punitive damages; Hensley v. Eckerhart, 457 U.S. 496 (1983) - reasonable costs and fees awarded was in excess of $137,000; Sostre v. McGinnis, 442 F.2d 178 (2d.Cir. 1971), 312 F. Supp 863 (S.D.N.Y. 1971), cert. denied, 405 U.S. 978 (1972) - the court upheld $9,300 in compensatory damages at $25/per day against prison warden].

19. The <u>Sum Certain</u> Claim for Damages - True Bill for this Affidavit for Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal is Two Hundred Eighty-Six Thousand ($286,000.00) Dollars and $\frac{00}{100}$ and/or Two Hundred Eighty-Six (286) years imprisonment. The Punitive Damages Total for this Affidavit for Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal is Up To One Hundred Seven Million Four Hundred Eighty-Two Thousand ($107,482,000.00) Dollars and $\frac{00}{100}$ and/or Six Thousand Six Hundred Twenty-Four (6624) years to Life(x5) imprisonment PLUS LIFE IMPRISONMENT [see 18 U.S.C. §1651]. The <u>Sum Certain</u> Claim for Damages - True Bill and Punitive Damages Total are payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy/agreement/coverage. All Respondent(s) are jointly and severally liable for this Affidavit for Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal.

20. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

23. Respondent(s)' default to this Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, consent, and conventio*, and confession of full liability and guilt in judgment**, to all the interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated herein [see 42 U.S.C. § 1981].

## Conclusion

24. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity and to dispose of this matter as law and justice require.

In Honor.

## Certificate of Service

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man of majority, do certify and affirm that on or about the Fourteenth day of the Twelfth month in the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017-December, 14], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit for Habeas Corpus-Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal [23 pages] × 3; and
2. Letter Rogatory of Request for Service Upon Respondent(s) [4 pages]; and
3. One (1) Self-Addressed Prepaid Stamped Envelope (for return of Affiant's file-stamped copy of Habeas Corpus Interrogatories).

All documents are included and mailed to:

Office of the Clerk of Court
United States District Court for the Middle District of Florida Ocala Division
Golden-Collum Federal Building and United States Courthouse
207 Northwest Second Street, Suite 337
Ocala, Florida 34475-6603

_Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend_
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #62013-018]
Unlawfully Detained and Falsely Imprisoned at:
Federal Correctional Complex USP-1, P.O. Box 1033, Coleman, Florida 33521-1033

23 of 23