UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TAQUAN RIOGENT GULLETT,**

 **Petitioner,**

**v.**                  **Case No: 5:17-cv-527-Oc-10PRL**

**WARDEN, FCC COLEMAN - USP I**

 **Respondent.**

_____

### ORDER FOR ALL CONFINED, PRO SE LITIGANTS

To ensure that you are aware of the rules that you must follow, the Court provides this notice to you. This order highlights some of the commonly applicable rules below. Because other rules also apply, you should not rely on this order as limiting the duties that you have in this case. Your failure to comply with the rules or any Court order could result in sanctions, including dismissal of your case.

**1. Complying With The Rules**

As an initial matter, you should know that the rules apply to all parties regardless of whether they have a lawyer. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Those rules include, among others, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Federal Rules of Evidence ("Fed. R. Evid."), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). You must also comply with the instructions attached to the face of the complaint or petition. And if you filed a petition for habeas corpus under either 28 U.S.C. § 2241 or § 2254, you must comply with the Rules Governing Section 2254 Cases In The United States District Court.

A copy of the Local Rules can be obtained from the Clerk's Office at 207 N.W. Second Street, Ocala, Florida, 34475, or reviewed (and downloaded), along with additional information about proceeding in a civil action without a lawyer, including a *Guide for Proceeding Without a Lawyer*, at the Court's website (http://www.flmd.uscourts.gov/home.htm).

**2. Filing Fee**

According to Local Rule 1.03(e), the Clerk shall accept for filing all prisoner cases filed with or without the filing fee or application to proceed *in forma pauperis* (IFP). However, a prisoner case will be subject to **dismissal**, on the Court's own motion, if the filing fee is not paid or your

application to proceed IFP is not filed **within 30 days of the filing** of your case. If you are asking to proceed IFP, the Court will enter an order granting or denying your request.

3. **Service**

    **a. Petition for Habeas Corpus**

    In a petition for habeas corpus, after the Court's initial review of the petition the Court may direct the Clerk of Court to send a copy of the petition to the Respondent and order a response from Respondent.

    Please be advised that the Respondent is not required to respond to the petition unless ordered to do so by the Court and that default is inappropriate in habeas corpus proceedings. Once the Court has ordered a response and counsel for Respondent has appeared in the case, any documents you file with the Court must also be sent to counsel for Respondent.

    **b. Civil Case**

    In a civil case (for example, a civil rights action or negligence action), if IFP is granted, the Court may direct that your complaint be served by the U.S. Marshals on the opposing party or parties.

    If you have paid the filing fee, then unless the Court expressly says otherwise (see, for example, Fed. R. Civ. P. 4(c)(3)), **you are responsible** for complying with service of process. The service of process rules, which are simply the rules that ensure that a defendant has timely received a copy of the summons and complaint (and thus provide the defendant with direct notice of your lawsuit) are found in Fed. R. Civ. P. 4 and Local Rule 1.07. You must serve each defendant in the manner specifically set forth in the Rules with a copy of the summons and complaint within 90 days after you have filed the complaint. It is your responsibility to timely comply with the Rules, and if you do not, your case may be dismissed.

4. **Filing Documents With the Court**

All of the documents that you file with the Court have to be in the form of a pleading, a motion, or a notice. A pleading is the complaint (and any amended complaint) or your petition. A motion is any document in which you ask the Court for something. A notice is any document in which you provide pertinent information without asking the Court for something. All of the documents that you file with the Court must comply with the privacy protections set forth in Fed. R. Civ. P. 5.2. And all of the documents that you file with the Court must include the following:

   **a. Caption**. A caption at the top of the first page that has the name of the Court (United States District Court, Middle District of Florida, Ocala Division), the names of the parties, and the case number.
   **b. Title**. A title that describes the document (for example: Motion for Extension of Time

to Respond to Defendant's Summary Judgment Motion).

**c. Memorandum**. Within your motion (*and not as a separate document*), a legal memorandum with citations to authority that support your request from the Court. Your motion, including your memorandum, must be typewritten or legibly printed on 8 1/2 x 11 inch white paper, with one inch margins on all sides, and may not be more than 25 pages in length without prior approval from the Court.

**d. Name and Signature**. Your full name and your original signature.

**e. Certificate of Service**. A certificate of service certifying that you sent the document to each defendant and stating the date that you sent the document, how you sent the document (for example, by United States Mail, Federal Express, or hand delivery), and the address to which you sent the document.

For more information on filing documents with the Court, please also see Fed. R. Civ. P. 5–11 and Local Rules 1.05, 1.06, & 3.01.

### 5. Responding to Motions

You must timely respond to any motion filed by each defendant or Respondent. If you do not respond to a motion, the Court will assume that you do not oppose the relief requested in the motion and proceed as if it is not opposed. Under Local Rule 3.01(b), you must file any response within 14 days after it is served. However, if a defendant or Respondent files a "Motion to Dismiss" or "Motion for Summary Judgment," then you must file your response within 21 days after it is served. If you miss a filing deadline, you must file a motion asking the Court to allow you to file your response late.

### 6. Directly Corresponding With the Court Prohibited

You may **not** directly correspond with the Court (or any individual judge) in the form of letters or similar documents. Instead, everything that you submit for the Court's consideration must be filed through the clerk's office. The Court will not respond to anything that is not filed through the clerk's office, will strike it from the case file, and will return it to you.

### 7. Your Records

You should keep one copy of all documents you file or receive in this case for your personal records. Any documents you request to have copied from the Court file must be accompanied by a check or money order to cover the costs of copying.   The rate is 50 cents per page.   Photocopy work must be paid in advance and you must pay for copies even if you are granted leave to proceed IFP.

### 8. Change of Address

Throughout this case, you are required to advise the Court in writing of any change in your mailing address by filing a Notice of Change of Address. As with every document you file with the Court, you must send a copy of your Notice of Change of Address to each defendant or Respondent and include a certificate of service. You will be notified as soon as any action is taken in your case.

The Court will mail to you a copy of every order entered by the Court to the last address it has on file. Your failure to keep the Court advised of your current address may result in the dismissal of your case.

**9. Forms**

Attached are two example forms. The first form is an example of how your motion should be set up. The second form explains electronic filing and requires that you ensure that all private information has been redacted from your filings.

    **IT IS SO ORDERED.**

    **DONE AND ORDERED** at Ocala, Florida, this 27th day of December 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

c: