UNITED STATES DISTRICT COURT FILED
FOR THE MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

Gullett, Taquan,
 In Propria Persona, Claimant, Affiant.
V.

Lockett, Charles L.; personal private capacity,
Miller, G.; personal private capacity,
Reiser, Steven; personal private capacity,
Sena, E.; personal private capacity,
Dunn, Geoffrey; personal private capacity,
Kleckner, M.; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Cassulo, Kim; personal private capacity,
Hernandez, Samuel; personal private capacity,
Hammer, Michael; personal private capacity,
Brown, Larry; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Andre, Julian Lucien; personal private capacity,
Ostiller, Cathy; personal private capacity,
Radin, Moriah S.; personal private capacity,
Cowan, Andrew; personal private capacity,
Jauregui, Eddie; personal private capacity,
Choolijian, Jaqueline; personal private capacity,
Backsdale, Patricia D.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Snyder, Christina A.; personal private capacity,
                Respondent(s).

Claim Number: 5:17-cv-00527-WTH-PRL

2018 JAN 29 AM 11: 54

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

AFFIDAVIT TO COMPEL DISCOVERY,
SPECIFICALLY, INTERROGATORIES ANSWERS,
AND FOR SUMMARY JUDGMENT

7002 2030 0006 9991 5199

In accord with:

• Universal Declaration of Human Rights (1948)

• United Nations Declaration of Independence to Colonial
Countries and Peoples; General Assembly Resolution
1514 (XV) of 14 December 1960

• U.N. Declaration on the Rights of Indigenous Peoples (2007)

• Madrid Convention for Protection in Morocco (1880)
codified at [18 U.S.C. Chapter 7 § 112]

• Geneva Conventions, Hague Conventions, Inter-American
Conventions, and all annexes thereto

• Treaty of Peace and Friendship (1787) and
• United States for America Organic Constitution (1787)
Article One Section Nine and Amendments 1-10 codified at:

28 U.S.C. §§ 2241-2243, 2246 et seq.
Fed.R.Civ.P. 4(b),4(c)(3),28(b),33,55, 37(a), 56
22 C.F.R. §§ 92.54, 92.66(a)
42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986
1985, 1981, 1994, 1983, 1991, 2000
Rome Statute

" Habeas Corpus Natural Equity Claim "
CONTRACT UNDER SEAL

1 of 28

TICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El, ochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious soul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood tural Man of majority, competent by firm sound mind and righteous upright moral integrity, Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida oate (Registrar) Court TAQUAN GULLETT ESTATE NOTICE OF TRUST / SYTERIA WRENCE ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; TAQUAN GULLETT ESTATE VEAT / SYTERIA LAWRENCE ESTATE CAVEAT #'s 17-CP-1020/1025; and TAQUAN GULLETT ATE Personal Replevin Claim / SYTERIA LAWRENCE ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

Affiant does sise and give honors and recognition to the Holy Qur'an, Holy Koran ⑦
cle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament,
eat Law of Peace, Treaty of Peace and Friendship (1787), united states for America
ganic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal
Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration
on the Granting of Independence to Colonial Countries and Peoples Adopted by
neral Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration
the rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions,
gue Conventions, Inter-American Conventions, and all annexes thereto.

Affiant does hereby enter a restricted appearance attending by Special Visitation in
cord with [Rule E(8)] for corrective action by Affidavit To Compel Discovery,
cifically, Interrogatories Answers, and for Summary Judgment - Habeas Corpus Natura'
ity Claim Contract Under Seal against all Respondent(s) in their personal private
pacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all
nexes thereto, United Nations Declaration on the Granting of Independence to Colonial
ntries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1!
ted Nations Declaration on the Rights of Indigenous Peoples (2007), Hague Conventions
I all annexes thereto, united States for America Organic Constitution (1787) Article On
Section Nine codified at [28 U.S.C. §§ 2241-2243, 2246 et seq.; 18 U.S.C. Chapter 781
42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000;
C.F.R. §§ 92.54, 92.66(a); Fed. R. Civ. P. 4(b), 4(c)(3), 28(b), 33, 55, 37(a), 56 ]

## Affidavit To Compel Discovery, Specifically, Interrogatories Answers

4. Affiant moves this court for an Order compelling Respondent(s) to provide adequate, full, and complete answers to all interrogatories that were propounded to them as required by [Fed. R. Civ. P. 28(b), 33; 28 U.S.C. §2246]; and the Hague Evidence Conventions and all annexes thereto. Affiant directs the court's attention to the following:

5. Respondent(s) were served the Affidavit For Habeas Corpus-Interrogatories (Addendum) (Annex) with Certificate of Service and Letter Rogatory/Letter of Request for Service Upon Respondent(s) on [December 18, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal] in accord with [Fed. R. Civ. P. 28(b), 33; 28 U.S.C. § 2246; 22 C.F.R. §§ 92.54, 92.66(a); 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1991, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 2000]; the Hague Evidence Conventions and all annexes thereto [see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4C];

6. The Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) are filed with the court on [December 18, 2017], and the Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) establish that service was proper in accord with [Fed. R. Civ. P. 4(b), 4(c)(3), 28(b), 33; 28 U.S.C. §2246; 22 C.F.R. §§ 92.54, 92.66(a)]; the Hague Evidence Conventions and all annexes thereto [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5];

7. Respondent(s) have failed/neglected to timely, adequately, fully, and completely, rebut, respond to, answer to, or otherwise defend against the Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex) [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 6, Pg. 5 Pgh. 11];

8. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.], has expired [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5 Pgh. 11; Affidavit For Habeas Corpus - Interrogatories Pg. 3 Pgh. 5, Pg. 20 Pgh. 22; Modified Affidavit For Habeas Corpus Pg. 8 Pgh. 8, Pg. 9 Pgh. 9, Pg. 38 Pgh. 59; Affidavit For Habeas Corpus Pg. 3+4 Pgh. 5, Pg. 19 Pgh. 26];

9. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l. Mortg. Co. v. Broadstatter, 897 F. 2d 883, 884-885 (7th Cir. 1990)] [see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20].

Certificate of Compliance with Discovery Meet + Confer in accord with [Fed. R. Civ. P. 37(a)(1)]

10. In accord with Affiant's Affidavit For Habeas Corpus Interrogatories (Addendum) (Annex) [see Pg. 3 Pgh. 4], Affiant declares that he has no initial discovery disclosures to make and this action is of a type listed as an ~~exception~~ exemption to the Meet + Confer requirement in accord with [Fed. R. Civ. P. 26(a)(1)(B)] [see Moffet v. Gonzales, 2015 U.S. LEXIS 32992, at *9 n.5 (N.D. Cal. Mar. 17, 2015); Hoffmann v. Hertz, 2015 U.S. Dist. LEXIS 46016, at *6 (S.D. Ill. Apr. 8, 2015); Hague Evidence Conventions and all annexes thereto]. Affiant directs the court's attention to the following:

11. Moreover, Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4, Pg. 5 Pgh. 10];

12. Respondent(s)' Default does constitute all Respondent(s)' acceptance, agreement, consent, and conventio * [see Modified Affidavit For Habeas Corpus Pg. 37 Pghs. 57, 58], and confession of full liability and of guilt in judgment [see Affidavit For Habeas Corpus-Interrogatories Pg. 21 Pgh. 33], to all the interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated in the Affidavit For Habeas Corpus, Modified Affidavit For Habeas Corpus (Addendum)(Annex), Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex), Letters Rogatory/Letters of Request For Service Upon Respondent(s), Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record, and Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment, all annexed hereto in full, hereinafter, "Affidavits" [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 4 Pghs. 3, 3a, 3b, 3c; Affidavit For Interrogatories Pg. 3 Pgh. 5, Pg. 21 Pgh. 23; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Modified Affidavit For Habeas Corpus Pg. 3 Pgh. 5, 5A, 5B, 5C; Pg. 37 Pgh. 56; Affidavit For Habeas Corpus Pg. 19 Pgh. 26];

13. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l. Mortg. Co. v. Brandstatter, 897 F. 2d 883, 884-885 (7th Cir. 1990)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20];

14. In accord with [Fed. R. Civ. P. 37(a)(3)(A)], if any party fails/neglects to make adequate, full, and complete disclosure of interrogatories answers, any other party may move to compel disclosure and for appropriate sanctions.

## Certificate That Affiant Did Attempt Informal Resolution

15. Affiant does hereby declare, affirm, and state, on and for the record, that prior to filing this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and For Summary Judgment, Affiant did attempt to confer in good faith with Respondent(s) to resolve this action without filing this Affidavit To Compel Discovery. Affiant directs the court's attention to the following:

16. Respondent(s) were served with the Affidavit For Habeas Corpus with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on [November 2, 2017], which is the date of the Clerk's file-stamp[See Mailbox Rule; Contract Under Seal][See Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4A];

17. Respondent(s) were served with the Modified Affidavit For Habeas Corpus (Addendum) (Annex) with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on [November, 27, 2017], which is the date of the Clerk's file-stamp [See Mailbox Rule; Contract Under Seal][See Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4B];

18. Respondent(s) were served with the Affidavit For Habeas Corpus -Interrogatories (Addendum) (Annex) with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on [December 18, 2017], which is the date of the Clerk's file-stamp [See Mailbox Rule; Contract Under Seal][See Affidavit For Entry of Default/Default Judgment Pg.3 Pgh.4C];

19. The Certificates of Service and Letters Rogatory/Letters of Request For Service Upon Respondent(s) are filed with the court on [November 2, November 27, and December 18, 2017], respectively, and the Certificates of Service and Letters Rogatory/Letters of Request For Service Upon Respondent(s) establish that service was proper in accord with [Fed.R.Civ.P. 4(b), 4(c)(3), 28(b), 33; 28 U.S.C. § 2246; 22 C.F.R. 92.54, 92.66(a); Hague Convention][See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5 ];

20. Respondent(s) have failed/neglected to timely, adequately fully, and completely, rebut, respond to, answer to, or otherwise defend against the above-mentioned Affidavits and Letters Rogatory with Certificates of Service [See Affidavit For Entry of Default/Judgment Pg. 4 Pgh. 6; Pg. 5 Pgh. 11];

21. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§2241-2243, 2246 et seq.], has expired [See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5 Pgh. 11; Affidavit For Interrogatories Pg. 3 Pgh. 5, Pg. 20 Pgh. 22; Modified Affidavit For Habeas Corpus Pg. 8 Pgh. 8, Pg. 9 Pgh. 9, Pg. 38 Pgh. 59; Affidavit For Habeas Corpus Pg. 3+4 Pgh. 5, Pg. 19 Pgh. 26 ];

22. Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [See Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4, Pg. 5 Pgh. 10];

23. Respondent(s) Default does constitute all Respondent(s)' <u>acceptance, agreement, consent, conventio</u>* [See Modified Affidavit For Habeas Corpus Pg. 37 Pghs. 57, 58], and <u>confession of full liability and of guilt in judgment</u> [See Affidavit For Interrogatories Pg. 21 Pgh. 23], to all the <u>interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, protections, rights,</u> and <u>true bills</u> stated in the aforementioned <u>Affidavits</u> [See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 4; Affidavit of Information Pg. 4 Pghs. 3, 3a, 3b, 3c; Affidavit For Interrogatories Pg. 3 Pgh. 5, Pg. 21 Pgh. 23; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Modified Affidavit For Habeas Corpus Pg. 3 Pgh. 5, 5A, 5B, 5C; Pg. 37 Pgh. 56; Affidavit For Habeas Corpus Pg. 19 Pgh. 26];

24. Respondent(s)' factual Default and Default Judgment are not excused merely it and/or because the Clerk has failed/neglected to record it on the docket [See <u>Connecticut Nat'l. Mortg. Co. v. Brandstatter</u>, 897 F. 2d 883, 884-885 (7th Cir. 1990) [See Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20 ].

25. Respondent(s)' failure/neglect to respond to the Affidavits, specifically, Affidavit For Habeas Corpus - Interrogatories (Addendum/Annex), has serious consequences, including without limitation, waiver of any objections; and Respondent(s)' failure/neglect to comply with discovery deadlines subjects all Respondent(s) to sanctions [see Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(a)(3)(B); Geiserman v. MacDonald, 893 F. 2d 787, 791-792 (5th Cir. 1990); Pik v. University of Pa., 2012 U.S. App. LEXIS 482, at *7 (3d Cir. Jan. 10, 2012)].

26. More importantly, any and all of Respondent(s)' objections to the interrogatories are waived by virtue of Respondent(s)' failure/neglect to assert them in a timely, adequately, fully, and complete manner [see Fed. R. Civ. P. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959 F. 2d 1468, 1473-1477 (9th Cir. 1992); Cargill, Inc. v. Ron Burge Trucking, Inc., 2012 U.S. Dist. LEXIS 86419, at *7 (D. Minn. June 1, 2012); Stewart v. City of Porterville, 2011 U.S. Dist. LEXIS 95160, at *2 (E.D. Cal. Aug. 25, 2011)]. In accord with the foregoing [see Davis v. Fendler, 650 F. 2d 1154, 1160 (9th Cir. 1981); Woods v. DeAngelo Marine Exhaust, Inc., 692 F. 3d 1272, 1280 (Fed. Cir. 2012) - district courts have discretion to exclude evidence when a party acts in bad faith or prejudices its adversary by deliberately delaying, or wholly failing, to respond to identification and contention interrogatories].

27. Severe sanctions may follow if Respondent(s) ignore the court's Order compelling interrogatories answers [see Fed. R. Civ. P. 37(b)(2)(A)]. If and when this court grant's Affiant's Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and orders Respondent(s) to provide adequate, full, and complete answers to Affiant's Interrogatories, [Fed. R. Civ. P. Rule 37] permits the court to impose sanctions on Respondent(s) for failure to comply with the court's Order, and the court may impose any type of sanction order that is just [see Fed. R. Civ. P. 37(b)(2)(A); Oyebade v. Boston Sci. Corp., 2012 U.S. Dist. LEXIS 129987, at *5 (S.D. Ind. Sept. 12, 2012)].

28. Default, contempt of court, staying further proceedings, monetary sanctions, and awarding reasonable costs and nominal fees and possibly taxable disbursements for bringing this action, are possible sanctions for Respondent(s)' failure/neglect to comply with discovery (interrogatories, letters rogatory)[See Fed.R.Civ.P. 37(b)(2)(A)(vi); Fed.R.Civ.P. 16(f)(1)][See Affidavit for Entry of Default/Default Judgment Pg. 8 Pgh. 20, Pg. 7 Pgh. 17].

29. An Affidavit To Compel Discovery, Specifically, Interrogatories Answers may be made on the grounds of Respondent(s)' failure/neglect to answer one interrogatory or all interrogatories filed in accord with [Fed.R.Civ.P. 33] and the Hague Evidence Conventions [see Fed.R.Civ.P. 37(a)(3)(B)(iii); Fed.R.Civ.P. 33; Williams v. Globe Life & Accident Ins.Co., 2012 U.S.Dist. LEXIS 177451, at *10 (D.Nev, Dec.13, 2012)].

30. Also, an Affidavit To Compel Discovery, Specifically, Interrogatories Answers may be made when Respondent(s) fail/neglect to produce documents, or fail/neglect to respond that inspection will be permitted, or fail/neglect to permit inspection as requested in accord with [Fed.R.Civ.P. 34][see Fed.R.Civ.P. 37(a)(3)(B)(iv); Fed.R.Civ.P. 34; Ashby v. McKenna, 2004 U.S. App. LEXIS 19832, at **4-**6 (10th Cir. Sept.22, 2004)].

31. Evasive or incomplete answers will support Affiant's Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and Respondent(s)' evasive or incomplete disclosures and/or answers may be treated as a complete failure/neglect to disclose and/or answer [see Fed.R.Civ.P. 37(a)(4); International Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004); Lawrence v. Tiger Swan, Inc., 2012 U.S. Dist. LEXIS 1699, at *6 (E.D. N.C. Jan. 6, 2012)].

32. Respondent(s)' failure/neglect to comply with the court Order to adequately, fully, and completely answer Affiant's Interrogatories under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability is contempt of court and may be punished as contempt of court [see Fed.R.Civ.P. 37(b)(1); State Farm Mut. Auto Ins. Co. v. Midtown Med. Ctr., Inc., 2011 U.S. App. LEXIS 18962, at **5 - **6 (3d. Cir. Sept. 13, 2011); Andrews v. Hollaway, 2003 U.S. Dist. LEXIS 16961, at *27 (D. N.J. Sept. 29, 2003)] [see Affidavit For Interrogatories Pg. 3 Pgh. 5, Pg. 20 Pgh. 22; Modified Affidavit For Habeas Corpus Pg. 38 Pgh. 59; Affidavit For Habeas Corpus Pg. 19 Pgh. 26].

## Affidavit For Summary Judgment

33. Affiant moves this court for Summary Judgment in Affiant's favor in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.; Fed.R.Civ.P. 56], and against all Respondent(s) named in the Caption on Page 1 in their personal private capacity(ies); and Affiant invites the court to render a judgment in Affiant's favor for all of the judgment relief demanded in Affiant's Affidavit For Habeas Corpus; Modified Affidavit For Habeas Corpus (Addendum)(Annex); Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex); Letters Rogatory/ Letters at Request For Service Upon Respondent(s); Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record; Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment; and this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and For Summary Judgment; all annexed hereto in full, hereinafter, "Affidavits." Affiant further moves this court to total and finalize the Punitive Damages Total - True Bill at such time as Respondent(s) file their adequate, full, and complete answers to Affiant's Interrogatories as Respondent(s) are compelled so to do by this court's Order.

34. Even further, Affiant moves this court for expedited hearing, determination, execution, and enforcement of this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and For Summary Judgment on the ground that there would be further irreparable injury and irreparable damages unless Affiant's application for Summary Judgment is heard, determined, executed, and enforced immediately in this action. As set forth in the afore-mentioned Affidavits, [A] there is a substantial likelihood that Affiant's Affidavits will prevail on the merits, weight, and preponderance of evidence; [B] there is a substantial likelihood that further irreparable injury and irreparable damage would result if this application for Summary Judgment is not heard, determined, executed, and enforced immediately; [C] there is a substantial likelihood that Respondent(s) will not be prejudiced at all by an expedited hearing, determination, execution, and enforcement of Summary Judgment in this

action as Respondent(s) are already entered into Default and Default Judgment and Respondent(s) did accept, agree, consent, and conventio that this action may and shall proceed to Summary Judgment upon Respondent(s)' Default[See Affidavit For Entry of Default/Default Judgment Pg.9, Pgh.22]; [D] the Affidavits and evidence show that the underlying equities weigh heavily in favor for an expedited hearing, determination, execution, and enforcement of Summary Judgment in this action.

35. Affiant is properly entitled to Summary Judgment as a matter of law because, as more fully shown in Affiant's Affidavits, there is no genuine dispute as to any material fact that needs to be tried in this action; and on these undisputed facts, Affiant is properly entitled to Summary Judgment as a matter of law.

36. The Supreme Court stated in Walker v. Johnson [312 U.S. 275, 284 (1941)] that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to an immediate unconditional discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district court to discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected Natural Rights and Human Rights [See Browder v. Director, 434 U.S. 257, 266 n.10 (1978); Walker v. Johnson, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243, 2246 et seq.] authorizes - indeed, it requires - the court to treat Affiant's Habeas Corpus Affidavits itself as the equivalent of an Affiant-Initiated Summary Judgment and to "forthwith award the writ" [see 28 U.S.C. § 2243]. Summary Judgment is appropriate when there are no genuine issues or disputes of material fact and Affiant is entitled to Summary Judgment in his favor as a matter of law

[see Fed. R. Civ. P. 56; <u>Valles v. Lynaugh</u>, 835 F. 2d 126, 127 (5th Cir. 1988); <u>Blackledge v. Allison</u>, 431 U.S. 63, 80-81 (1977); <u>Johnson v. Rodgers</u>, 917 F. 2d 1283, 1284-85 (10th Cir. 1990)][See Affidavit For Habeas Corpus Pgs. 5+6 Pgh. 9; Modified Affidavit For Habeas Corpus Pg. 11 Pgh. 13].

37. Federal courts are required to construe the Rules governing this civil action in a manner that will secure the just, speedy, and inexpensive determination of this action [see Fed. R. Civ. P. 1; Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>J. I. Case Co. v. Bank</u>, 377 U.S. 426, 435, 84 S. Ct. 1555, 12 L. Ed. 2d 423 (1964); <u>Nationwide Mut. Ins. Co. v. Mortensen</u>, 606 F. 3d 22, 27 (2d Cir. 2010); <u>Don King Prods., Inc. v. Hopkins</u>, 2004 U.S. Dist. LEXIS 25917, at *8 (S.D.N.Y. Dec. 23, 2004)][See Affidavit For Habeas Corpus Pg. 5 Pgh. 8; Modified Affidavit For Habeas Corpus Pg. 10 Pgh. 12].

38. Affiant-Initiated Summary Judgment proceedings are appropriate when [A] fact-findings create a right to relief under controlling federal law [see <u>Browder v. Director</u>, 434 U.S. at 260; <u>Burden v. Zant</u>, 510 U.S. 132 (1994)(per curiam); <u>Burden v. Zant</u>, 498 U.S. 433 (1991)(per curiam); <u>Bland v. California Dep't of Corrections</u>, 20 F. 3d 1469, 1474 (9th Cir.), cert. denied, 513 U.S. 947 (1994); <u>Cracker v. Procunier</u>, 756 F. 2d 1212, 1214 (5th Cir. 1985); <u>Tinsley v. Purvis</u>, 731 F. 2d 791, 793 (11th Cir. 1984)]; [B] when the answer (or lack thereof) admits Affiant's version of dispositive facts [see <u>Walker v. Johnson</u>, 312 U.S. 275, 284 (1941)]; or [C] when a (recent) decision of a higher court **** or of the same district court or in a companion case controls the Affiant's claim and warrants relief; or for any other reason, no facts are in dispute [see Randy Hertz and James S. Liebman, <u>Federal Habeas Corpus Practice and Procedure</u>, 7th Edition §17.3, Petitioner-Initiated Summary Proceedings].

Affiant's Declaration, Affirmation, and Statement of Undisputed Facts in Support of Summary Judgment

39. In accord with [Fed.R.Civ.P. 56(c)(1)(A),(B)], when a party asserts a fact that cannot be disputed, the assertion must be supported by citations to the "particular parts" of materials in the record, including depositions, documents, electronically stored information, Affidavits or Declarations, stipulations, admissions, interrogatories answers, or "other materials".

40. In accord with the provisions of [Fed.R.Civ.P. 56(c)(1)], Affiant directs the court's attention to the following undisputed facts that support this Affidavit for Summary Judgment:

41. Respondent(s) were served with the Affidavit For Habeas Corpus with Certificate of Service and Letter Rogatory / Letter of Request For Service Upon Respondent(s) on [November 2, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4A];

42. Respondent(s) were served with the Modified Affidavit For Habeas Corpus (Addendum)(Annex) with Certificate of Service and Letter Rogatory / Letter of Request For Service Upon Respondent(s) on [November 27, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4B];

43. Respondent(s) were served with the Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) with Certificate of Service and Letter Rogatory / Letter of Request for Service Upon Respondent(s) on [December 18, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4C];

44. The <u>Certificates of Service</u> and <u>Letters Rogatory/Letters of Request for Service Upon</u> <u>Respondent(s)</u> are filed with the court on [November 2, November 27, and December 18, 2017], respectively, and the Certificates of Service and Letters Rogatory/Letters of Request for Service Upon Respondent(s) establish that service was proper in accord with [Fed.R.Civ.P. 4(b), 4(c)(3), 28(b), 33; 28 U.S.C.§ 2246; 22 C.F.R. §§ 92.54, 92.66(a); the Hague Evidence Conventions and all annexes thereto [[ see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5 ];

45. Respondent(s) have failed/neglected to timely, adequately, fully, and completely, rebut, respond to, answer to, or otherwise defend against the aforementioned <u>Affidavits</u> and Letters Rogatory with Certificates of Service [ see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 6, Pg. 5 Pgh. 11 ];

46. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.], has expired [ see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5 Pgh. 11; Affidavit For Habeas Corpus Interrogatories Pg. 3 Pgh. 5, Pg. 20 Pgh. 22; Modified Affidavit For Habeas Corpus Pg. 8 Pgh. 8, Pg. 9 Pgh. 9, Pg. 38 Pgh. 59; Affidavit For Habeas Corpus Pg. 3 & 4 Pgh. 5, Pg. 19 Pgh. 26 ];

47. Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [ see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4, Pg. 4 Pgh. 5 ];



48. Respondent(s)' Default does constitute all Respondent(s)' acceptance, agreement, consent, and conventio* [see Modified Affidavit For Habeas Corpus Pg. 37 Pghs. 57, 58], and confession of full liability and of guilt in judgment [see Affidavit For Habeas Corpus-Interrogatories Pg. 21 Pgh. 23], to all the interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated in the Affidavit For Habeas Corpus, Modified Affidavit For Habeas Corpus (Addendum)(Annex), Affidavit For Habeas Corpus-Interrogatories (Addendum)(Annex), Letters Rogatory/Letters of Request for Service Upon Respondent(s), Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record, and Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment, all annexed hereto in full, hereinafter, "Affidavits" [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 4 Pghs. 3, 3a, 3b, 3c; Affidavit For Habeas Corpus-Interrogatories Pg. 3 Pgh. 5, Pg. 21 Pgh. 23; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Modified Affidavit For Habeas Corpus Pg. 3 Pghs. 5, 5A, 5B, 5C; Pg. 37 Pgh. 56; Affidavit For Habeas Corpus Pg. 19 Pgh. 26];

49. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l. Mortg. Co. v. Brandstatter, 897 F. 2d 883, 884-885 (7th Cir. 1990)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20];

50. Entry of Default and Default Judgment severely limits Respondent(s)' subsequent participation in this action with the most important consequence being that Respondent(s)' have no standing and are no longer entitled to participate in the determination of their liability and/or guilt in this action [see Dow Chemical Pac. Ltd. v. Rascator Maritime S.A., 782 F. 2d 329, 336 (2d Cir. 1986)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 21]

51. In fact, Respondent(s) did accept, agree, consent, and convertio* that this action may and shall proceed to Summary Judgment with no notice or limited notice to Respondent(s) upon their Default; and Respondent(s) have no standing to challenge the undisputed facts of the Affidavits to which they have defaulted [See Taylor v. City of Baldwin, 859 F.2d 1330, 1333 n.7 (8ᵗʰ Cir. 1988)] [See Affidavit For Entry of Default/Default Judgment Pg. 9 Pgh. 22].

52. Affiant also directs the court's attention to further particular parts of materials in the record of the undisputed facts of the Affidavits to which Respondent(s) did accept, agree, consent, and convertio* by their Default:

53. Affidavit For Habeas Corpus [See Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3, 4; Pg. 3 Pghs. 4, 5; Pg. 4 Pghs. 5, 6, 7; Pg. 5 Pghs. 7, 8, 9; Pg. 6 Pghs. 9, 10; Pg. 7 Pghs. 10, 11; Pg. 8 Pghs. 11, 12; Pg. 9 Pghs. 13, 14; Pg. 10 Pgh. 14; Pg. 11 Pghs. 14, 15; Pg. 12 Pgh. 16; Pg. 13 Pgh. 17; Pg. 14 Pghs. 17, 18; Pg. 15 Pghs. 18, 19; Pg. 16 Pghs. 19, 20, 21; Pg. 17 Pghs. 21, 22, Claim For Damages -True Bill; Pg. 18 Pghs. 23, 24, 25; Pg. 19 Pghs. 26, 27; Pg. 20, Commercial Verification; Pg. 21, Certificate of Service];

54. Modified Affidavit For Habeas Corpus (Addendum)(Annex) [See Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs. 4, 5, 5a, 5b, 5c; Pg. 4 Pghs. 6, 6A, 6B, 6C; Pg. 5 Pghs. 6C, 6D, 6E, 6E.1; Pg. 6 Pghs. 6E.1, 6E.2, 6F, 6G; Pg. 7 Pghs. 6H, 6H.1, 6I, 6I(A), 6I(B); Pg. 8 Pghs. 7, 8; Pg. 9 Pghs. 9, 10, 11; Pg. 11 Pghs. 13, 14; Pg. 12 Pgh. 14; Pg. 13 Pgh. 15; Pg. 14 Pghs. 16, 17; Pg. 15 Pgh. 17; Pg. 16 Pgh. 18; Pg. 17 Pghs. 19, 20, 21; Pg. 18 Pghs. 20, 21, 22; Pg. 19 Pgh. 22; Pg. 20 Pghs. 23, 23A, 23B, 23C; Pg. 21 Pgh. 24; Pg. 22 Pgh. 25; Pg. 23 Pghs. 25, 26; Pg. 24 Pghs. 26, 27; Pg. 25 Pghs. 28, 29, 30, 31; Pg. 26 Pghs. 31, 32, 33; Pg. 27 Pghs. 34, 35; Pg. 28 Pghs. 36, 37; Pg. 29 Pghs. 38, 39; Pg. 30 Pghs. 40, 41, 42; Pg. 31 Pghs. 42, 43; Pg. 32 Pghs. 43, 44;

Pg. 33 Pghs. 45, 45A, 45B, 46; Pg. 34 Pghs. 47, 48, 49, 50; Pg. 35 Pghs. 51 (Claim for Damages - True Bill), 52 (Punitive Damages); Pg. 36 Pghs. 53, 54; Pg. 37 Pghs. 55, 56, 57, 58; Pg. 38 Pghs. 59, 60 (Conclusion); Pg. 39, Commercial Verification; Pg. 40, Certificate of Service ];

55. Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs 4, 5; Pg. 4 (Instruction) Pghs. 6, 6A, 6B; Pg. 5 Pghs. 6C, 6D, 6E; Pg. 6 Pghs. 6F, 6G, 7, 7A, 7B; Pg. 7 Pghs. 7C, 7D, 7E, 7F, 7G, 7H, 7I; Pg. 8 Pghs. 7J, 7K, 7L, 7M, Interrogatory 1/Answer, Interrogatory 2/Answer; Pg. 9 Pghs. Interrogatory 3/ Answer, Interrogatory 4/Answer, Interrogatory 5/Answer, Interrogatory 6/Answer; Pg. 10 Pghs. Interrogatory 7/Answer, Interrogatory 8/Answer, Interrogatory 9/Answer; Pg. 11 Pghs. Interrogatory 10/Answer, Interrogatory 11/Answer, Interrogatory 12/Answer; Pg. 12 Pghs. Interrogatory 13/Answer, Interrogatory 14/Answer, Interrogatory 15/Answer; Pg. 13 Pghs. Interrogatory 16/Answer, Interrogatory 17/Answer; Pg. 14 Pghs. Interrogatory 18/ Answer, Interrogatory 19/Answer, Pgh. 8; Pg. 15 Pghs. 9, 10, 11, 12; Pg. 16 Pghs. 13, 14, 15; Pg. 17 Pgh. 16; Pg. 18 Pghs. 17 (Claim for Damages - True Bill), 18 (Punitive Damages); Pg. 19 Pghs. 19, 20; Pg. 20 Pghs. 21, 22; Pg. 21 Pghs. 23, 24 (Conclusion); Pg. 22, Commercial Verification; Pg. 23, Certificate of Service];

56. Letter Rogatory/Letter of Request For Service Upon Respondent(s) [see Pg. 1, Caption; Pg. 2 Pghs. 1, Respondent(s) and Service Address(es) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18; Pg. 3 Pghs. Respondent(s) and Service Address(es) 19, 20, 21, 22, 23, 24, 25, 26; Pg. 3 Pghs. 1, 2, 3; Pg. 4, Commercial Verification ];

57. <u>Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges</u> <u>To Attorney General and All Constitutional Authorities of Record</u> [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2; Pg. 3 Pghs. 3, 3a, 3b, 3c; Pg. 4 Pghs. (Affidavit of Information) 4; Pg. 5 Pghs. 4A, 4B, Letter Rogatory Caption; Pg. 6 Pghs. 5, 6; Pg. 7 Pgh. 7; Pg. 8 Pghs. (Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record) 8, 9; Pg. 9 Pghs. 10, 11; Pg. 10 Pghs. 11, 12, 13; Pg. 11 Pghs. 14, 15; Pg. 12 Pghs. 15, 16, 17 (Conclusion); Pg. 13, Commercial Verification; Pg. 14, Certificate of Service Pghs. 1, 1A, 1B, 1C, 1D; Pg. 15, Certificate of Service Pghs. 1E, 1F, 1G, 1H, 1I ];

58. <u>Affidavit For Entry of Clerk's Default and For Clerk's Default Judgment</u> [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs. (Request For Entry of Clerk's Default) 4, 4A, 4B, 4C; Pg. 4 Pghs. 5, 6, 7, 8, 9; Pg. 5 Pghs. (Request For Entry of Clerk's Default Judgment) 10, 11, 12, 13, 14; Pg. 6 Pghs. 15 (Claim For Damages—True Bill), 16 (Punitive Damages Total—True Bill); Pg. 7 Pghs. 17, 18; Pg. 8 Pghs. 19, (Further Terms of Default) 20, 21; Pg. 9 Pghs. 22, 23, 24 (Conclusion); Pg. 10, Commercial Verification; Pg. 11, Certificate of Service ].

60. Upon all of the foregoing undisputed facts and with the court's attention directed to all of the particular parts of materials in the record of the undisputed facts, Affiant is properly entitled to Summary Judgment as a matter of law. Summary Judgment may be premised upon the factual record made by Affiant in this action [see <u>Liles v. Saffle</u>, 945 F. 2d 333 (10ᵗʰ Cir, 1991), cert. denied, 502 U.S. 1066 (1992); <u>Bailey v. Hamby</u> 744 F. 2d 24, 26 (6ᵗʰ Cir, 1984)]; or on facts developed in this Habeas Corpus Natural Equity Claim Contract Under Seal action itself through discovery, expansion of the record, or the Affiant's investigation as reflected in the <u>Affidavits</u> [see <u>Fed. R. Civ. P.</u> <u>56 (c)(1)(A)</u> — Summary Judgment Affidavit may be predicated on "depositions,

documents, electronically stored information, Affidavits or Declarations, stipulations, admissions, interrogatories answers (or lack thereof), or other materials; Fed. R. Civ. P. 56(c)(4) - Form of Affidavits; Brandt v. Gooding, 636 F. 3d 124, 127-29, 132, 136 (4th Cir. 2011); Liles v. Saffle, 945 F. 2d at 335, 340-41 - premising Summary Judgment on Affidavits in accord with Habeas Rule 7 which allows the court to "expand the record" to include Affidavits and to treat the Affidavits as substantive evidence and decide the case based upon them.

61. Summary Judgment, like judgment as a matter of law, shall be granted unless the evidence opposing Summary Judgment is substantial [see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986); First Nat'l. Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968)].

62. Other courts have embraced this standard formulation, holding in cases in which facts are not genuinely disputed and the only issues are issues of law that Summary Judgment is appropriate [see Donovan v. Carl's Drug Co., 703 F. 2d 650, 651 (2d Cir. 1983) - proper for district court to consider (tacit acquiescence) admissions by Respondent(s) as establishing facts beyond question in Summary Judgment.

63. The Supreme Court's <u>Liberty Lobby</u> opinion states that Summary Judgment is appropriate if the evidence is so "one sided" that only the Affiant can prevail [see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); **** <u>Quigg v. Thomas City Sch. Dist.</u>, 814 F. 3d 1227, 1235 (11th Cic. 2016) **** - Summary Judgment is only appropriate if case is so one sided that one party must prevail as a matter of law].

## Demand For Judgment Relief

64. Affiant respectfully seeks an Order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon his body, his person, and Alien (Foreign) Estate corporeal and incorporeal, pending appeal and certiorari, if any, as a matter of law. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge, pending appeal and certiorari, if any, as a matter of law [see Affidavit For Habeas Corpus - Interrogatories Pg. 14 Pgh. 8, Pg. 15 Pghs. 9 & 10; Modified Affidavit For Habeas Corpus Pg. 31 Pgh. 43, Pg. 32 Pghs. 43 & 44, Pg. 33 Pghs. 45, 45A, 45B, 46; Affidavit For Habeas Corpus Pg. 15 Pgh. 19, Pg. 16 Pghs. 19, 20, 21; Pg. 17 Pghs. 21, 22]; and

65. Affiant further respectfully seeks an order to vacate and set aside the void ab initio alleged federal judgment and sentence in this instant matter for lack of jurisdiction, defective indictment, violation and infringement of Affiant's constitutionally protected Natural Right and Human Right to due process of International Law, National Law, and Local Law [see Affidavit For Habeas Corpus - Interrogatories Pg. 15 Pgh. 11]; and

66. Affiant further respectfully seeks an order vacating Respondent(s)' arbitrary, capricious, abuse of authority/discretion, and wrongful action of placing Affiant on "IFRP Refused" restriction [See Affidavit For Habeas Corpus-Interrogatories Pg. 15 Pgh. 12; Modified Affidavit For Habeas Corpus Pg. 34 Pgh. 47]; and

67. Affiant further respectfully seeks an order vacating all of Respondent(s)' sanctions and unwarranted hardships imposed against him which the "IFRP Refused" restriction entails; [See Affidavit For Habeas Corpus-Interrogatories Pg. 16 Pgh. 13; Modified Affidavit for Habeas Corpus Pg. 34 Pgh. 48]; and

68. Affiant further respectfully seeks a standing order/injunction requiring BP-228 [BP-8 Informal Administrative Remedy], BP-229 [BP-9 Formal Administrative Remedy], and SF-95 [Standard Form 95-Claim For Damages] forms to be openly available and openly accessible in each unit at all times to the inmate population, throughout all B.O.P. facilities, free from staff deliberate indifference and interference so inmates may have reasonable, adequate, meaningful, and effective recourse to redress grievances in accord with International Law, National Law, and Local Law [see Affidavit for Habeas Corpus-Interrogatories Pg. 16 Pgh. 14; Modified Aff. Habeas Corpos Pg. 34 Pgh. 49]; and

69. Affiant further respectfully seeks a standing order/injunction requiring open access at all times to all Diplomatic/Ministerial/Consular Representatives, including without limitation the Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association and the Moorish-American Government, posted on the unit bulletin boards throughout all B.O.P. facilities listing the Diplomatic/Ministerial/Consular Representative's address and phone numbers, free from staff deliberate indifference and interference so inmates may have reasonable,

adequate, meaningful, and effective recourse to redress grievances in accord with International Law, National Law, and Local Law [see Affidavit For Habeas Corpus - Interrogatories Pg. 16 Pg. 15; Modified Affidavit For Habeas Corpus Pg. 34 Pgh. 50]; and

70. Affiant further respectfully seeks an Order granting an award for compensatory damages and punitive damages to compensate for grievous harm and irreparable injury by false imprisonment; compensation for three (3) years of out-of-pocket expenses related to false imprisonment; mental suffering related to false imprisonment; compensatory damages to vindicate Affiant's Natural Rights and Human Rights; and punitive damages for Respondent's wrongful acts of false imprisonment, fraud, negligence, collusion, agreement not to act, abuse of discretion/authority, discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of Affiant's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities, and deliberate indifference, all done maliciously and intentionally by Respondent(s); plus reasonable costs and nominal fees and possibly taxable disbursements for bringing this action [see Wilson v. Prasse, 325 F. Supp. 9 (W.D. Pa. 1971); Smith v. Wade, 461 U.S. 302 (1983) - $25,000 in compensatory damages and $5,000 punitive damages; Hensley v. Eckerhart, 457 U.S. 496 (1983) - reasonable costs and fees awarded was in excess of $137,000; Sostrer v. McGinnis, 442 F. 2d 178 (2d. Cir. 1971), 312 F. Supp. 863 (S.D.N.Y. 1971), cert. denied, 405 U.S. 978 (1972) - the court upheld $9,300 in compensatory damages at $25/per day against prison warden ] [see Affidavit For Habeas Corpus - Interrogatories Pg. 17 Pgh. 16].

71)

## Claim for Damages - True Bill

$ 10,000 and/or 10 years imprisonment [42 U.S.C. §§1981-2000 et seq / 18 U.S.C. § 241] x26 = $260,000 and/or 260 years imprisonment

$ 1,000 and/or 1 year imprisonment [42 U.S.C. §§ 1981-2000 et seq / 18 U.S.C. § 242] x 26 = 26,000 and/or 26 years imprisonment

## Sum Certain Total = $286,000 and/or 286 years Imprisonment

* * * * All Respondent(s) are jointly and severally liable for this Claim * * *

72)

## Punitive Damages Finalized Total - True Bill

$ 10,000 and/or 10 years imprisonment [Chapter 7 18 U.S.C. § 112] x26 = $260,000 and/or 260 years imprisonment

$ 1,000,000 and/or 20 years imprisonment [18 U.S.C. § 1091] x26 = $26,000,000 and/or 480 years imprisonment

$ 10,000 and/or 10 years - Life imprisonment [18 U.S.C. § 1201] x26 = $260,000 and/or 260 years - Life imprisonment

$ 1,000,000 and/or 30 years imprisonment [18 U.S.C. § 1341] x26 = $26,000,000 and/or 780 years imprisonment

$ 5,000 and/or 20 years - Life imprisonment [18 U.S.C. § 1581] x26 = $130,000 and/or 480 years - Life imprisonment

$ 5,000 and/or 20 years imprisonment [18 U.S.C. § 1583] x26 = $130,000 and/or 480 years - Life imprisonment

$ 5,000 and/or 7 years imprisonment [18 U.S.C. § 1585] x26 = $130,000 and/or 182 years imprisonment

$ 2,000 and/or 2 years imprisonment [18 U.S.C. § 1586] x26 = $52,000 and/or 52 years imprisonment

$ 10,000 and/or 20 years - Life imprisonment [18 U.S.C. § 1590] x26 = $260,000 and/or 480 years - Life imprisonment

$ 10,000 and/or 5 years imprisonment [18 U.S.C. § 1592] x26 = $260,000 and/or 130 years imprisonment

Mandatory Restitution [18 U.S.C. § 1593] x26 = Mandatory Restitution

$ 10,000 and/or 20 years - Life imprisonment [18 U.S.C. § 1593A] x26 = $260,000 and/or 480 years - Life imprisonment

$ 10,000 and/or 20 years - Life imprisonment [18 U.S.C. § 1594] x26 = $260,000 and/or 480 years - Life imprisonment

Right to a Civil Action [18 U.S.C. § 1595] x26 = Right to a Civil Action

$ 250,000 and/or 30 years imprisonment [18 U.S.C. § 1512] x26 = $610,000 and/or 780 years imprisonment

$ 250,000 and/or 30 years imprisonment [18 U.S.C. § 1513] x26 = $610,000 and/or 780 years imprisonment

$ 10,000 and imprisonment LIFE [18 U.S.C. § 1651] x26 = $260,000 and imprisonment LIFE

$ 1,000,000 and/or 10 years imprisonment [15 U.S.C. § 1] x26 = $26,000,000 and/or 260 years imprisonment

$ 1,000,000 and/or 10 years imprisonment [15 U.S.C. § 2] x26 = $26,000,000 and/or 260 years imprisonment

## Punitive Damages Finalized Total = $107,482,000 and/or 6624 years - Life (x5) PLUS LIFE IMPRISONMENT

* * * * All Respondent(s) are jointly and severally liable for this Claim * * *

See Affidavit For Entry of Default/Default Judgment Pg.6 Pghs. 15,16; Affidavit For Habeas Corpus - Interrogatories Pg. 18 Pghs. 17,18; Modd. Aff. For Habeas Corpus Pg. 35 Pghs. 51,52; Affidavit For Habeas Corpus Pg. 17 Pgh. 22

73. The <u>Sum Certain Claim for Damages-True Bill</u> for this Affidavit To Compel Discovery Specifically, Interrogatories Answers, and For Summary Judgment-Habeas Corpus Natural Equity Claim Contract Under Seal action is <u>Two Hundred Eighty-Six Thousand</u>(<u>$286,000.00</u>) Dollars and $\frac{00}{100}$ and/or Two Hundred Eighty-Six (286) years Imprisonment. The <u>Punitive Damages Finalized Total-True Bill</u> for this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal action is finalized at <u>One Hundred Seven Million Four Hundred Eighty-Two Thousand</u>(<u>$107,482,000.00</u>)Dollars and $\frac{00}{100}$ and/or Six Thousand Six Hundred Twenty-Four (6624) years to Life (x5) Imprisonment PLUS <u>LIFE IMPRISONMENT</u> [See 18 U.S.C. §1651]; plus reasonable costs and nominal fees and possibly taxable disbursements for bringing this action. The <u>Sum Certain Claim for Damages-True Bill</u> and <u>Punitive Damages Finalized Total-True Bill</u> are payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance agreement(s)/policy(ies)/arrangement(s). All Respondent(s) are jointly and severally liable for this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal action[see Affidavit For Entry of Default/Default Judgment Pg. 7 Pgh. 17; Affidavit For Habeas Corpus-Interrogatories Pg. 19 Pgh. 19; Modified Affidavit For Habeas Corpus Pg. 36 Pgh. 53; Affidavit For Habeas Corpus Pg. 18 Pgh. 23].

74. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110 [See Affidavit For Entry of Default/Default Judgment Pg. 7 Pgh. 18; Affidavit of Information Pg. 13 Pgh. 16; Affidavit For Habeas Corpus-Interrogatories Pg. 19 Pgh. 20; Modified Affidavit For Habeas Corpus Pg. 36 Pgh. 54; Affidavit For Habeas Corpus Pg. 18 Pgh. 24].

75. If any portion of this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and for Summary Judgment-Habeas Corpus Natural Equity Claim Contract Under Seal action is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and for Summary Judgment-Habeas Corpus Natural Equity Claim Contract Under Seal action that is found due, overdue, and owing, and remains unpaid to Affiant and Affiant's Alien (Foreign) Estate [See Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 19; Affidavit For Habeas Corpus-Interrogatories Pg. 20 Pgh. 21; Modified Affidavit For Habeas Corpus Pg. 37 Pgh. 55; Affidavit For Habeas Corpus Pg. 18 Pgh. 21].

## Conclusion

76. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require [See Affidavit For Entry of Default/Default Judgment Pg. 9 Pgh. 24; Affidavit of Information Pg. 13 Pgh. 17; Affidavit for Habeas Corpus-Interrogatories Pg. 21 Pgh. 24; Modified Affidavit For Habeas Corpus Pg. 38 Pgh. 60; Affidavit For Habeas Corpus Pg. 19 Pgh. 27].                    In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Nineteenth day of the First month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018 - January, 19 ]

## Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association
Prisoner of War for National Liberation from Colonialism: [P.O.W. # 62013-018]
Unlawfully Detained and Falsely Imprisoned at:
Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033
27 of 28

## Certificate of Service

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man of majority, do certify and affirm that on or about the Nineteenth day of the First month in the year of Our Lord Father Allah fourteen Hundred Thirty Eight (1438) [G.C.Y. 2018 - January, 19], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and for Summary Judgment-Habeas Corpus Natural Equity Claim Contract Under Seal [28 pages]; and

2. One (1) Self-Addressed Pre-Paid Stamped Envelope (for return of Affiant's File-stamped copy of Affidavit To Compel Discovery + For Summary Judgment).

3. Notice of Interlocutory Appeal To Order Dated 9th Day of January 2018 [3 pages].

All document(s) are included to:

Clerk of Court
United States District Court Middle Florida Ocala Division
Golden-Collum Federal Building and United States Courthouse
207 Northwest Second Street, Suite 337
Ocala, Florida 34475-6603

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W.# 62013-018]
Unlawfully Detained and Falsely Imprisoned at:
Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033

28 of 28