U.S.D.C.
Clerk's Original

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

11th Circuit Appeal Number: 18-10360

Claim Number: 5:17-cv-00527-WTH-PRL

Gullett, Taquan,
    In Propria Persona, Claimant, Affiant.

V.

Lockett, Charles L.; personal private capacity,
*Cheatham, R.C.; personal private capacity,*
Miller, G.; personal private capacity,
Reiser, Steven; personal private capacity,
Sena, E.; personal private capacity,
Dunn, Geoffrey; personal private capacity,
Kleckner, M.; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Cassulo, Kim; personal private capacity,
Hernandez, Samuel; personal private capacity,
Hammer, Michael; personal private capacity,
Brown, Larry; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Andre, Julian Lucien; personal private capacity,
Ostiller, Cathy; personal private capacity,
Radin, Moriah S.; personal private capacity,
Cowan, Andrew; personal private capacity,
Jauregui, Eddie; personal private capacity,
Choat'jian, Jaqueline; personal private capacity,
Barksdale, Patricia D.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Snyder, Christina N.; personal private capacity,
    Respondent(s).

AFFIDAVIT OF INFORMATION AS LETTER ROGATORY TO UNITED NATIONS HIGH COMMISSIONER FOR HUMAN RIGHTS & AS PROFFER AND PREFERRAL TO INTERNATIONAL COURT OF JUSTICE (ICJ) AND INTERNATIONAL CRIMINAL COURT (ICC)

# 7017 0530 0001 1315 0499

In accord with:
• Universal Declaration of Human Rights (1948)

• United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960

• U.N. Declaration on the Rights of Indigenous Peoples (2007)

• Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 § 112]

• Geneva Conventions, Hague Evidence Conventions, Inter-American Conventions, and all annexes thereto

• Treaty of Peace and Friendship (1787) and
• United States for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10 codified at:
   28 U.S.C. §§ 2241-2243, 2246 et seq.
   [Fed. R. Civ. P. 3, 4(b), 4(c)(3), 5(a)(2)(A), 28(b), 33, 37(a), 55, 56]
   22 C.F.R. §§ 92.54, 92.66(a)
   42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000
   ROME STATUTE

" Habeas Corpus Natural Equity Claim "
CONTRACT UNDER SEAL

1 of 28

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1.    On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity in accord with the meaning of [8 U.S.C. §1101 - Alien(s), Alien (Foreign) Estate(s); and 18 U.S.C. §§1116(b)(1),(2),(3),(4) - Alien (Foreign) Government, Alien (Foreign) Officials(s), Internationally Protected Person(s), Family]; irrespective of recognition by the United States [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court TAQUAN GULLETT ESTATE NOTICE OF TRUST/ SYTERIA LAWRENCE ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; TAQUAN GULLETT ESTATE CAVEAT/ SYTERIA LAWRENCE ESTATE CAVEAT #'s 17-CP-1020/1025; TAQUAN GULLETT ESTATE Personal Replevin Claim / SYTERIA LAWRENCE ESTATE Personal Replevin Claim #'s 17-CA-2142/2144 ].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran Circle Seven, Zodiac Constitution AA22141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 §112], Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), ROME STATUTE, Geneva Conventions, HAGUE EVIDENCE CONVENTIONS, Inter-American Conventions, and all annexes thereto, and united states for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10 codified at [28 U.S.C. §§2241-2243, 2246 etseq; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§1, 2; Fed. R. Civ. P. 3, 4(b), 4(c)(3), 5(d)(2)(A), 28(b), 33, 37(e), 55, 56].

## Jurisdiction and Venue

3. Jurisdiction and Venue are properly before the International Court of Justice (ICJ) and the International Criminal Court (ICC) as all parties to this action have given consent, acceptance, agreement, and conventio to such jurisdiction and venue in accord with the ROME STATUTE. Also see Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Geneva Conventions, HAGUE EVIDENCE CONVENTIONS, Inter-American Conventions, and all annexes thereto. Also see Zodiac Constitution AA222141 (AT-Truth), Treaty of Peace and Friendship (1787), and united states for America Organic Constitution (1787) Acticle One Section Nine and First Amendment Redress for Grievances.

4. In accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), and United Nations Declaration on the Rights of Indigenous Peoples (2007) codified at [42 U.S.C. § 1981, (a), (b), (c)]], this Affidavit of Information as Letter Rogatory To United Nations High Commissioner for Human Rights and as Proffer and Preferral To International Court of Justice (ICJ) and International Criminal Court (ICC) – Habeas Corpus Natural Equity Claim Contract Under Seal does "make and enforce" "equal rights under the law". Affiant's previously signed, sealed, delivered, filed, and docketed Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges To Attorney General and All Constitutional Authorities of Record – Habeas Corpus Natural Equity Claim Contract Under Seal (United States Post Office Certified Mail # 7017 0530 0001 1315 0185) is annexed hereto in full by this reference. The Attorney General has failed/neglected to act, as authorized and required by law, on said Affidavit of Information # 7017 0530 0001 1315 0185.

## Definition of Terms

5. The term "Denial of Justice" means "(International Law) a defect in a country's organization of courts or administration of justice, resulting in the country's violating its international lawful/legal duties to protect aliens – a denial of justice is a wrongful act under International Law – also termed Justitia Denegata; Deni De Justice; Refuse De Justice" [see Black's Law Dictionary (BLD) 8th Edition];

6. The term "Equality Before the Law" means "the status or condition of being treated fairly according to regularly established norms of justice; especially in British constitutional law; the notion that all persons are subject to the ordinary law of the land administered by the ordinary law courts, that officials and others are not exempt from the general duty of obedience to the law, that discretionary governmental powers must not be abused, and that the task of superintending the operation of law rests with an impartial, independent judiciary" [see BLD 8th Ed.];

A. "A number of distinct meanings are normally given to the provision that there should be equality before the law. One meaning is that equality before the law only connotes the equal subjection of all to a common system of law, whatever its content ... A second theory asserts that equality before the law is basically a procedural concept, pertaining to the application and enforcement of laws and the operation of the legal system ... A third meaning normally borne by Declarations that all are equal before the law, perhaps no more than a variant of the second, is that State (Estate) and individual (Alien) before the law are (should be) equal" [see Polyvious G. Polyviou, The Equal Protection of the Laws, 1-2 (1980)];

7. The term "Arbitrary" means "(of a judicial decision) founded on prejudice or preference rather than on reason or fact — this type of decision is often termed Arbitrary and Capricious" [see BLD 8th Ed.];

8. The term "Capricious" means "(of a decree) contrary to the evidence or established rules of law" [see BLD 8th Ed.];

9. The term "Abuse of Discretion" means "an adjudicator's failure to exercise sound, reasonable, and lawful/legal decision-making; an appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, unlawful/illegal, or unsupported by the evidence" [see Corpus Juris Secundum (C.J.S.) Appeal and Error § 772];

10. The term "Criminal Complaint" means "a written statement of essential facts constituting the offense charged; in the federal courts, it is to be made upon oath before a magistrate" [see Federal Rules of Criminal Procedure (Fed.R.Crim.P.) 3].

## Affidavit of Information

11. Affiant does hereby proffer and prefer charges by this Affidavit of Information for good reasonable and probable cause against Respondent(s) and Court Personnel in their personal private capacity(ies) in the below-referenced Habeas Corpus Actions for War Crimes under the Law of Nations; Grave Breaches of the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples (1960), United Nations Declaration on the Rights of Indigenous Peoples (2007), Geneva Conventions, Hague Evidence Conventions, Inter-American Conventions, and all annexes thereto; and Felony(ies) under color of law codified at [18 U.S.C. Chapter 7 § 112 (Assault on Alien (Foreign) Official(s)/Family); 18 U.S.C. §§ 241+242 (Conspiracy/Deprivation of Rights Under Color of Law), 1091 (Genocide), 1201 (Kidnapping/False Imprisonment), 1341 (Mail Fraud/Tampering), 1512 (Tampering w/Evidence, Witness, Informant), 1513 (Retaliating against Witness, Informant), 1581 (Peonage), 1583 (Slavery), 1584 (Involuntary Servitude), 1585 (Slavery), 1586 (Slavery), 1590 (Human Trafficking), 1592 (Human Trafficking, Slavery, Peonage, Involuntary Servitude), 1593, 1593A (Peonage, Slavery, Human Trafficking), 1594, 1595, 1651 (Piracy Under Law of Nations); 15 U.S.C. §§ 1 (Trusts in Restraint of Trade), 2 (Monopolies in Restraint of Trade)].

12. Further, Affiant does hereby proffer and prefer charges by Affidavit of Information for good reasonable and probable cause against Respondent(s) and Court Personnel in their personal private capacity(ies) in the below-referenced Habeas Corpus Actions to know beyond a reasonable doubt that Respondent(s) and Court Personnel are engaged in a "pattern and/or practice of Denial of Justice, Denial of Equality Before the Law, Arbitrary and Capricious Decisions, Abuse of Discretion, Discrimination and/or Deprivation and/or Conspiracy to Deprive and/or Resistance to the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities, by fraud, collusion, false imprisonment, negligence, contributory negligence, agreement not to act, abuse of authority, and deliberate indifference, all under color of law, done intentionally and maliciously. The publicly filed verified under Oath or Affirmation genuine Affidavits of Probable Cause/ Criminal Complaints sworn or affirmed by a Natural Man/Woman Actual Injured Party(ies Affiant + Affiant's Mother, Relators), which identify and describe in detail Respondent(s)' and Court Personnel's violations and infringements of International Law and which remonstrate good cause for proffer and preferral to the International Court of Justice (ICJ) and the International Criminal Court (ICC) may be found as "Affidavits for Habeas Corpus~Natural Equity Claim CONTRACTS UNDER SEAL" and "Letters Rogatory/Letters of Request For Service Upon Respondent(s)" filed and docketed in the following open court cases and are evidence of all party(ies)' consent, acceptance, agreement, and conventio to international (ICJ) and (ICC) jurisdiction and venue:


A. Gullett, Taquan; In Propria Persona, Claimant, Affiant. v. Lockett, Charles L.; personal private capacity(ies), et al., Respondent(s). Claim Number: 5:17-cv-00527-WTH-PRL, publicly filed and docketed in the United States District Court Middle Florida Ocala Division; and 11th Circuit Interlocutory Appeal Number: 18-10360, publicly filed and docketed in the United States Court of Appeals for the Eleventh Circuit; and

B. Gullett, Jaquan; Son/Personal Representative/Guardian Ad Litem/Special Advocate/Next-Friend; On Behalf of Mother: Sytccia Hephzibah, In Propria Persona, Claimant, Affiant, v. Coil, Craig; personal private capacity(ies), et al., Respondent(s). Claim Number: 4:17-cv-00532-WS-CJK, publicly filed and docketed in the United States District Court Northern Florida Tallahassee Division; and 11th Circuit Interlocutory Appeal Numbers: 18-10060, 18-10460, publicly filed and docketed in the United States Court of Appeals for the Eleventh Circuit.


## Letter Rogatory

TO: UNITED NATIONS HIGH COMMISSIONER FOR HUMAN RIGHTS (OHCHR) and ALL CONSTITUTIONAL AUTHORITIES OF RECORD

- Zeid Ra'ad Al Hussein, United Nations High Commissioner for Human Rights (OHCHR)
- Vice Admiral James Crawford, III; Judge Advocate General Navy
- Rear Admiral John G. Hannik; Deputy Judge Advocate General Navy
- Anne M. Breman; Acting General Counsel of the Navy
- Garret L. Ressing; Deputy General Counsel of the Navy
- Rear Admiral Steven J. Anderson; Judge Advocate General + Chief Counsel U.S. Coast Guard
- Mr. Calvin Lederer; Deputy Judge Advocate General U.S. Coast Guard
- Major General Michael A. Calhoun; Adjutant General Florida Army & Air National Guard
- Jeff Sessions; Attorney General
- U.S. Department of State; U.S. Central Authority for Hague and Inter-American Service Conventions, Office of International Judicial Assistance


FROM: Affiant and Affiant's Mother (Relators); In Propria Persona proceeding in Sui Juris Capacity, in accord with the meaning of [8 U.S.C. § 1101 - Alien(s), Alien(Foreign) Estate(s); and 18 U.S.C. §§ 1116(b)(1),(2),(3),(4) - Alien(Foreign) Government, Alien(Foreign) Official(s), Internationally Protected Person(s), Family]; irrespective of recognition by the United States.

13. Letters Rogatory (Letters of Request For Service Upon Respondent(s)) have been requested to issue in Habeas Corpus Action Numbers: 5:17-cv-00527-WTH-PRL (11th Circuit Interlocutory Appeal Number: 18-10360) and 4:17-cv-00532-WS-CJK (11th Circuit Interlocutory Appeal Number: 18-10060, 18-10460), in accord with the Hague Evidence Conventions, [22 C.F.R. §§ 92.54, 92.66(a); 28 U.S.C. § 2246; and Fed.R.Civ.P. 28(b)(2)(A), (B); 33], by Affiant to Respondent(s) from the District Court requesting the District Court cause Respondent(s) to be examined as Respondent(s) are within the jurisdiction of the United States [See In re Urethane Antitrust Litig., 267 F.R.D. 361, 363-364 (D.Kan. 2010); Barnes + Noble, Inc. v. LSI Corp., 2010 U.S. Dist. LEXIS 61625, at *5 (N.D.Cal. May 2, 2012)]. The Letters Rogatory/Letters of Request were filed with the court on or about November 2, 2017; November 15, 2017; November, 27, 2017; December 13, 2017; December 18, 2017; and December 22, 2017; respectively, and as of the date [14th day of the 2nd month 1438 (G.C.Y. 2018-February, 14] of this Affidavit of Information/ Letter Rogatory, the District Courts and the 11th Circuit Court of Appeals have failed/neglected to timely act upon Affiant's many Letters Rogatory/Letters of Request in these Habeas Corpus Actions and Affiant has remonstrated good cause and has moved to compel discovery, specifically, interrogatories answers, in the District Courts and the 11th Circuit Court of Appeals.

14. Affiant's many Letters Rogatory/Letters of Request are customarily granted by International Customary-Law for reasons of comity [see U.S. Department of State Regulations 22 C.F.R. §§ 92.54, 92.66(a)]. The District Courts and the Courts of Appeals have the inherent authority to issue Letters Rogatory/Letters of Request in both civil and criminal cases [see United States v. Jefferson, 594 F.Supp. 2d 655, 676 (E.D.Va. 2009]. Further, it is long-established practice under Habeas Corpus Statute [28 U.S.C. § 2243] and Habeas Corpus [Rule 4] that it is the responsibility of the court to serve Respondent(s) with the Letters Rogatory/ Letters of Request, Habeas Corpus Affidavits, Habeas Corpus Interrogatories, and any Order [see 28 U.S.C. § 2243; Habeas Corpus Rule 4; Bundy v. Wainwright, 808 F.2d 1410, 1414-16 (11th Cir. 1987) –

Affiant's ~~Affiant~~ need not serve Respondent(s) as their unlawful detainment custodial status renders service <u>unduly burdensome</u>; see also Charles Alan Wright, <u>Procedure for Habeas Corpus</u>, 77 F.R.D. 227, 236-40 (1978); Charles Alan Wright, <u>Developments in the Law-Federal Habeas Corpus</u>, Harvard Law Review 1038, 1173-79 (1970); Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th Edition, § 11.9(d), Service].

15. The District Courts' and 11th Circuit Court of Appeals' Court Personnel's failure/neglect to timely act upon Affiant's Letters Rogatory/Letters of Request for Service Upon Respondent(s) to obtain civil discovery evidence from Respondent(s) is a violation of the Hague Evidence Convention which shows in Article 42 that the United States is a signatory thereto. The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Evidence Convention) [23 U.S.T. 2555, T.I.A.S. No. 7444] is designed as a tool for common-law Alien (Foreign) Estates to obtain civil discovery evidence in civil-law jurisdictions [see <u>International Soc'y For Krishna Consciousness, Inc. v. Lee</u>, 105 F.R.D. 435, 442-443 (S.D.N.Y. 1984)]. The Hague Evidence Convention allows Letters Rogatory/Letters of Request may be used by Affiant (an Alien (Foreign) Government/Official(s)) to secure evidence from an uncooperative witness(es) (Respondent(s)) through the compulsary powers of a foreign court (U.S. District Courts/U.S. Courts of Appeals) [see Hague Evidence Convention, Article 1]. Affiant does not need to establish that the taking of the deposition in any other manner than by written interrogatories is impractical or inconvenient in order to obtain the Letters Rogatory/Letters of Request [see Fed.R.Civ.P. 28(b)(2)(A), (B); 22 C.F.R. § 92.66(a)]. Affiant and Affiant's Mother (Relators) have exercised the right to obtain civil discovery evidence and propound written interrogatories (depositions) as is proper, just, and appropriate [see 28 U.S.C. § 2246; Fed.R.Civ.P. 33], and the District Courts', 11th Circuit Court of Appeals', and Court Personnel's failure/neglect to timely act upon Affiant's Letters Rogatory/Letters of Request

in these Habeas Corpus Actions, even after Affiant has remonstrated good cause and has moved to compel such civil discovery evidence, does constitute a <u>Denial of Justice</u> and <u>Denial of Equality Before the Law</u>.

16. In support of Affiant's factual assertions of Denial of Justice and Denial of Equality Before the Law, and violation of the Hague Evidence Convention by the District Courts', 11th Circuit Court of Appeals', and Court Personnel's failure/neglect to timely act upon Affiant's Letters Rogatory/Letters of Request, Habeas Corpus Affidavits, and Habeas Corpus Interrogatories, to obtain civil discovery evidence in these Habeas Corpus Actions, even after Affiant has remonstrated good cause and has moved to compel such civil discovery evidence, Affiant does state, affirm, and declare, on and for the record, the following authorities:

17. "The District Court has a duty to order discovery in certain circumstances" [See <u>Harris v. Nelson</u>, 394 U.S. 286 (1969)]. "Where specific factual assertions before the court show reason to believe that the Habeas Corpus Affidavits may, if the facts are fully developed, be able to demonstrate that Affiant is...entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry" [See <u>Bracy v. Gramley</u>, 520 U.S. at 906-09 + n.10 (quoting <u>Harris v. Nelson</u>, 394 U.S. at 299 - "district court's blanket denial of Affiant's discovery request <u>constitutes abuse of discretion</u> under standard quoted above" [See <u>Herrera v. Collins</u>, 506 U.S. 390, 444 (1993)])];

18. "The district court found that Wolfe had demonstrated `good cause' for discovery" [See <u>Wolfe v. Clarke</u>, 691 F. 3d 410, 422 (4th Cir. 2012)]. "Good cause is shown if the Affiant makes a specific factual assertion that shows reason to believe that the Affiant may be able to demonstrate that he is entitled to relief" [See <u>Quesinberry v. Taylor</u>, 162 F. 3d 273,

279 (4th Cir. 1998)]. "Lee has satisfied the `good cause' standard and the District Court's denial of his request for discovery is an abuse of discretion" [see Lee v. Glunt, 667 F.3d 397, 404-05 (3d. Cir. 2012)]. "The district court abused its discretion in denying discovery" [see Moore v. Gibson, 195 F.3d 1152, 1164-65 (10th Cir. 1999), cert. denied, 530 U.S. 1208 (2000)]. "Affiant satisfied `good cause' standard showing that [A] the requested discovery would bolster constitutional claim and [B] that claim is not `purely speculative or without any basis in the record'" [see Calderon v. United States Dist. Ct., 144 F.3d 618, 622 (9th Cir. 1998)]. "District Court's denial of discovery is an abuse of discretion if discovery is `indispensable to a fair, rounded development of the material facts'" [see Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996)]. "District Court erred in denying discovery" [see Perillo v. Johnson, 79 F.3d 441, 444-45 (5th Cir. 1996)]. "Denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim" [see Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995)];

19. "An Affiant whose factual assertions were `facially sufficient to establish a prima facie due process claim' was entitled to discovery `to fully develop the facts' — while district court generally has discretion to grant or deny discovery requests under Habeas Corpus Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is `indispensable to a fair, rounded development of material facts'" [see East v. Scott, 55 F.3d 996, 1001-02 (5th Cir. 1995)]. "`Good cause' for discovery (under Habeas Corpus Rule 6) exists where specific factual assertions before the court show reason to believe that Affiant may, if the facts are fully developed, be able to demonstrate that he is entitled to relief" [see Payne v. Bell, 89 F.Supp.2d 967, 970 (W.D. Tenn. 2006)]. "Affiant is entitled to discovery under (Habeas Corpus Rule 6) because he `provided evidence' supporting claim and did not rely on bare unfocused allegations" [see United States ex rel. Maxwell v. Gilmore, 37 F.Supp.2d 1078, 1095 (N.D. Ill. 1999)]. "Discovery motion is to determine validity of factual

assertions and that Affiant has made 'specific factual assertions' that could support his claim to relief - Affiant is not required to prove the elements of his claim on the discovery motion - Harris v. Nebraska (supra) only requires Affiant to demonstrate that he may be entitled to relief if the facts are fully developed" [See United States ex rel. Pecoraro v. Page, 1998 U.S. Dist. LEXIS 15746, at *3-*4, *11 n.1 (N.D. Ill. Sept. 30, 1998)].

20. In Blackledge v. Allison, 431 U.S. 63 (1977) - the Supreme Court held that the district court should not have dismissed a Habeas Corpus Action summarily without further factual inquiry. The Court cited that federal judges should utilize prehearing discovery as one means of determining, without resort to an evidentiary hearing, whether there is a factual basis for the Affiant's claims [See Blackledge v. Allison (supra) in accord East v. Scott, 55 F.3d at 1002 - relying on Blackledge v. Allison, court of appeals holds that district court should have ordered discovery and then, "following discovery ... decided whether East has raised a genuine question of material fact requiring an evidentiary hearing"; see Coleman v. Zant, 708 F.2d 541, 547 n.9 (11th Cir. 1983) applying "good cause" standard; see Jones v. Parke, 734 F.2d 1142, 1148 (6th Cir. 1984); see Dickson v. Wainwright, 683 F.2d 348, 352 (11th Cir. 1982) - district court may use discovery or evidentiary hearing to "test substance of Affiant's factual assertions"; see Stewart v. Estelle, 634 F.2d 998, 1000 (5th Cir. 1981)].

21. Before dismissing facially adequate factual assertions short of an evidentiary hearing, ordinarily a district judge should seek as a minimum to obtain affidavits from all persons likely to have first-hand knowledge [See Blackledge v. Allison, 431 U.S. at 82 n.25 (1977); Williams v. Kullman, 722 F.2d 1048, 1051 (2d Cir. 1983) - endorses prehearing discovery; Williams v. Walker, 535 F.2d 383, 386 (7th Cir. 1976); Wagner v. United States, 418 F.2d 618, 621 (9th Cir. 1969); Wilson v. Weigel, 387 F.2d 632 (9th Cir. 1967)].

<u>Blackledge v. Allison (supra)</u> suggests that district judges consider ordering discovery before deciding whether an evidentiary hearing is appropriate and the court should allow Affiant "liberal discovery" use to establish the facts.

22. In addition to emphasizing the liberality of the <u>discovery right</u> contemplated by the drafters of the Habeas Corpus Rules, <u>Blackledge v. Allison</u>, Ⓐ confirms that discovery is available not only to explore the Affiant's factual claims, but also to refute the factual defenses asserted by Respondent(s); Ⓑ discovery is therefore warranted (under Habeas Corpus Rule 6) "whenever it would help the court to make a reliable determination with respect to Affiant's claims." <u>Blackledge v. Allison</u> makes clear that discovery should not only serve as an issue-clarifying preface to evidentiary hearings, but when appropriate, <u>as a substitute for such hearings</u> [Id. at 8] as discovery may generate information establishing that Affiant's claim is so clearly meritorious that relief must be granted without a hearing [see <u>Walker v. Johnson</u>, 312 U.S. 275, 284 (1941); see <u>Browder v. Director</u>, 434 U.S. 257, 266 n.10 (1978)]. Discovery, thus, promotes and serves judicial economy.

<u>Proffer and Preferral of Charges To International Court of Justice(ICJ) and International Criminal Court(ICC)</u>

23. Affiant and Affiant's Mother (<u>Relators</u>), in accord with the meaning of [8 U.S.C.§ 1101 - Alien(s), Alien(Foreign) Estate(s); and 18 U.S.C. §§ 1116(b)(1),(2),(3),(4) - Alien(Foreign) Government, Alien(Foreign) Official(s), Internationally Protected Person(s), Family; <u>irrespective of recognition by the United States</u>], do hereby, on and for the record, state, affirm, declare, proffer, and prefer charges to the International Court of Justice (ICJ), International Criminal Court (ICC), United Nations High Commissioner for Human Rights, United Nations International Law Commission, United Nations General Assembly, United Nations Security Council, United Nations Permanent Forum on Indigenous Issues, and all other United Nations bodies, organs, and specialized agencies, by the verified under Oath or Affirmation genuine Affidavits of Information and Affidavits of Probable Cause/Criminal Complaints in Claims 5:17-cv-00527-WTH-PRL (11th Circuit Appeal Number:18-10360) and 4:17-cv-00532-WS-CJK (11th Circuit Appeal Numbers:18-10060, 18-10460) sworn or affirmed by a Natural Man/Woman Actual Injured Party(ies). Said Affidavits of Information and Affidavits of Probable Cause/Criminal Complaints do identify and describe in detail Respondent(s)' and Court Personnel's violations and infringements of <u>International Law</u> by <u>Denial of Justice</u> and <u>Denial of Equality Before the Law</u> in these instant Habeas Corpus Actions, and do remonstrate good cause for proffer and preferral to the ICJ and ICC for War Crimes Under the Law of Nations; Grave Breaches of the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence To Colonial Countries and Peoples (1960), United Nations Declaration on the Rights of Indigenous Peoples (2007), Geneva Conventions, Hague Evidence Conventions, Inter-American Conventions, and all annexes thereto; and Felony(ies) Under Color of Law[i.e. Assault on Alien(Foreign) Officials/Family; Genocide; Kidnapping/False Imprisonment; Mail Fraud/Tampering; Tampering with Evidence, Witness(es), Informant(s); Retaliating against Witness(es), Informant(s); Conspiracy/Deprivation of Rights Under Color of Law; Peonage; Slavery; Involuntary Servitude; Human Trafficking; Piracy Under Law of Nations; Trusts/Monopolies in Restraint of International Trade]. Affiant directs the courts' attention to the following "particular parts" in the record:

24. <u>Universal Declaration of Human Rights (1948), Article 2,</u> - Everyone is entitled to all the rights and freedoms set forth in this Declaration, <u>without distinction of any kind,</u> such as <u>race, color, sex, language, religion,</u> political or other opinion, <u>national or social origin, property, birth or other status.</u> Furthermore, <u>no distinction</u> shall be made on the basis of the <u>political, jurisdictional,</u> or international status of the <u>country or territory</u> to which a person belongs, whether it be <u>independent</u>, <u>trust</u>, non-self governing, or under any other limitation of sovereignty;

A. <u>Article 4</u> - No one shall be held in slavery or servitude; <u>slavery and the slave trade shall be prohibited in all their forms</u>;

B. <u>Article 6</u> - Everyone has a right to recognition everywhere as a person before the law;

C. <u>Article 7</u> - All are equal before the law and are entitled without any discrimination to equal protection of the law. <u>All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination</u>;

D. <u>Article 8</u> - Everyone has the right to an effective remedy by the competent national <u>tribunals for acts violating the fundamental rights granted them by the constitution or by law</u>;

E. <u>Article 9</u> - No one shall be subjected to <u>arbitrary arrest</u>, <u>detention</u>, or <u>exile</u>.

F. <u>Article 10</u> - Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of their rights and obligations and of any criminal charge against them;

G. Article 11 - (1) Everyone charged with a penal offense has the right to be presumed innocent until proven guilty according to law in a public trial at which they have had all the guarantees necessary for their defense; (2) No one shall be held guilty of any penal offense on account of any act or omission which did not constitute a penal offense, under national or international law, at the time when it was committed; Nor shall a heavier penalty be imposed than the one that was applicable at the time the penal offense was committed;

H. Article 12 - No one shall be subjected to arbitrary interference with their privacy, family, home, or correspondence, nor to attacks upon their honor and reputation. Everyone has the right to the protection of the law against such interference or attacks;

I. Article 14 - Everyone has the right to seek and to enjoy in other countries asylum from persecution.

J. Article 15 - (1) Everyone has the right to a nationality; (2) No one shall be arbitrarily deprived of their nationality nor denied the right to change their nationality;

K. Article 16 - (3) The family is the natural and fundamental group unit of a society and is entitled to protection by society and the State;

L. Article 17 - (1) Everyone has the right to own property alone as well as in association with others; (2) No one shall be arbitrarily deprived of their property;

M. Article 18 - Everyone has the right to freedom of thought, conscience, and religion;

N. Article 20 - (1) Everyone has the right to freedom of peaceful assembly and association; (2) No one may be compelled to belong to an association;

O. Article 28 - Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized.

25. United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514(XV) of 14 December 1960

A. The General Assembly,
Mindful of the determination proclaimed by the peoples of the world in the Charter of the United Nations to reaffirm faith in fundamental human rights, in the dignity and worth of the human person, in the equal rights of men and women and of nations large and small and to promote social progress and better standards of life in larger freedom,

B. Conscious of the need for the creation of conditions of stability and well-being and peaceful and friendly relations based on respect for the principles of equal rights and self-determination of all peoples, and of universal respect for, and observance of, human rights and fundamental freedoms for all without distinction as to race, sex, language, or religion,

C. Recognizing the passionate yearning for freedom in all dependent peoples and the decisive role of such peoples in the attainment of their independence,

D. Aware of the increasing conflicts resulting from the denial of or impediments in the way of the freedom of such peoples, which constitute a serious threat to world peace,

E. Considering the important role of the United Nations in assisting the movement for independence in Trust and Non-Self Governing Territories,

F. Recognizing that the peoples of the world ardently desire the end of colonialism in all its manifestations,

G. Convinced that the continued existence of colonialism prevents the development of international economic co-operation, impedes the social, cultural, and economic development of dependent peoples and militates against the United Nations ideal of universal peace,

H.   Affirming that peoples may, for their own ends, freely dispose of their natural wealth and resources without prejudice to any obligations arising out of international economic co-operation, based upon the principle of mutual benefit, and international law,

I. Believing that the process of liberation is irresistable and irreversible and that, in order to avoid serious crises, an end must be put to colonialism and all practices of segregation and discrimination associated therewith,

J. Welcoming the emergence in recent years of a large number of dependent territories into freedom and independence, and recognizing the increasingly powerful trends towards freedom in such territories which have not yet attained independence,

K. Convinced that all peoples have an inalienable right to complete freedom, the exercise of their sovereignty and the integrity of their national territory,

L.   Solemnly proclaims the necessity of bringing to a speedy and unconditional end to colonialism in all its forms and manifestations;

M. And to this end Declares that:

1. The subjection of peoples to alien subjugation, domination, and exploitation constitutes a denial of fundamental human rights, is contrary to the Charter of the United Nations and is an impediment to the promotion of world peace and co-operation.

2. All peoples have the right to self-determination; by virtue of that right they freely determine their political status and freely pursue their economic, social, and cultural development.

3. Inadequacy of political, economic, social, or educational preparedness should never serve as a pretext for delaying independence.

4. All armed action or repressive measures of all kinds directed against dependent peoples shall cease in order to enable them to exercise peacefully and freely their right to complete independence, and the integrity of their national territory shall be respected.

5. Immediate steps shall be taken, in Trust and Non-Self Governing Territories or all other territories which have not yet attained independence, TO TRANSFER ALL POWERS TO THE PEOPLES of those territories, without any conditions or reservations, in accordance with their freely expressed will and desire, without any distinction as to race, creed, or color, in order to enable them to enjoy complete independence and freedom.

6. Any attempt aimed at the partial or total disruption of the national unity and the territorial integrity of a country is incompatible with the purposes and principles of the Charter of the United Nations.

7. All States shall observe faithfully and strictly the provisions of the Charter of the United Nations, the Universal Declaration of Human Rights, and the present Declaration on the basis of equality, non-interference in the internal affairs of all States, and respect for the sovereign rights of all peoples and their territorial integrity.

26.   United Nations Declaration on the Rights of Indigenous Peoples (2007)
        Preamble (Select Sections):

A.  The General Assembly,

Affirming that indigenous peoples are equal to all other peoples, while recognizing the right of all peoples to be different, to consider themselves different, and to be respected as such; Affirming also that all peoples contribute to the diversity and richness of civilizations and cultures, which constitute the common heritage of humankind,

B. Affirming further that all doctrines, policies, and practices based on or advancing superiority of peoples or individuals on the basis of national origin or racial, religious, ethnic, or cultural differences are racist, scientifically false, legally invalid, morally condemnable, and socially unjust,

C. Reaffirming that indigenous peoples, in the exercise of their rights, should be free from discrimination of any kind; Concerned that indigenous peoples have suffered from historic injustices as a result of, inter alia, their colonization and dispossession of their lands, territories, and resources, thus preventing them from exercising, in particular, their right to development in accordance with their own needs and interests,

D. Recognizing the urgent need to respect and promote the inherent rights of indigenous peoples which derive from their political, economic, and social structures, and from their cultures, spiritual traditions, histories, and philosophies, especially their rights to their lands, territories, and resources; Recognizing also the urgent need to respect and promote the rights of indigenous peoples affirmed in treaties, agreements, and other constructive arrangements with States,

E. Welcoming the fact that indigenous peoples are organizing themselves for political, economic, social, and cultural enhancement and in order to bring to an end all forms of discrimination and oppression wherever they occur; Solemnly proclaims the following United Nations Declaration on the Rights of Indigenous Peoples as a standard of achievement to be pursued in a spirit of partnership and mutual respect:

E1. Article 1 - Indigenous peoples have the right to the full enjoyment, as a collective or as individuals, of all human rights and fundamental freedoms as recognized in the Charter of the United Nations, the Universal Declaration of Human Rights, and international human rights law.

E2. Article 6 - Every indigenous individual has the right to a nationality.

E3. Article 10 - Indigenous peoples shall not be forcibly removed from their lands or territories.

E4. Article 11 - ② States shall provide redress through effective mechanisms, which may include restitution, developed in conjunction with indigenous peoples, with respect to their cultural, intellectual, religious, and spiritual property taken without their free, prior, and informed consent, or in violation of their laws, traditions, and customs.

E5. Article 20 - ① Indigenous peoples have the right to maintain and develop their political, economic, and social systems, or institutions, to be secure in the enjoyment of their own means of subsistence and development, and to engage freely in all their traditional and other economic activities; ② Indigenous peoples deprived of their means of subsistence and development are entitled to just and fair redress.

E6. Article 21 - ① Indigenous peoples have the right, without discrimination, to the improvement of their economic and social conditions; ② States shall take effective measures and, where appropriate, special measures to ensure continuing improvement of their economic and social conditions. Particular attention shall be paid to the rights and special needs of indigenous elders, women, youth, children, and persons with disabilities.

E7. Article 22 - ① Particular attention shall be paid to the rights and special needs of indigenous elders, women, youth, children, and persons with disabilities in the implementation of this Declaration; States shall take measures, in conjunction with indigenous peoples to ensure that indigenous women and children enjoy the full protection and guarantees against all forms of violence and discrimination.

E8.    Article 24- Indigenous peoples have the right to their traditional medicines and to maintain their health practices, including the conservation of their vital medicinal plants; Indigenous individuals have an equal right to the enjoyment of the highest attainable standard of physical and mental health.

E9. Article 25- Indigenous peoples have the right to maintain and strengthen their distinctive spiritual relationship with their traditionally owned or otherwise occupied and used lands, territories, waters, and coastal seas and other resources and to uphold their responsibilities to future generations in this regard.

E10. Article 26① - Indigenous peoples have the right to own, use, develop, and control the lands, territories, and resources that they possess by reason of traditional ownership or other traditional occupation or use, as well as those which they have otherwise acquired; ③ States shall give legal recognition and protection to these lands, territories, and resources. Such recognition shall be conducted with due respect to the customs, traditions, and land tenure systems of the Indigenous peoples concerned.

E11. Article 27- States shall establish and implement, in conjunction with indigenous peoples concerned, a fair, independent, impartial, open, and transparent process, giving due recognition to indigenous peoples' laws, traditions, customs, and land tenure systems to recognize and adjudicate the rights of indigenous peoples pertaining to their lands, territories, and resources, including those which were traditionally owned or otherwise occupied or used. Indigenous peoples shall have the right to participate in this process.

E12. Article 28- Indigenous peoples have the right to redress, by means that can include restitution or, when this is not possible, just and fair equitable compensation, for the lands, territories, and resources which they have traditionally owned or otherwise occupied or used, and which have been confiscated, taken, occupied, used, or damaged without their free, prior, informed consent; Unless otherwise freely agreed upon by the peoples concerned, compensation shall take the form of lands, territories, and resources equal in quality, size, and legal status, or of monetary compensation or other appropriate redress.

E13. <u>Article 29</u> - Indigenous peoples have the right to the conservation and protection of the environment and the productive capacity of their lands or territories and resources.

E14. <u>Article 31</u> - Indigenous peoples have the <u>right to maintain, control, protect,</u> and develop their <u>intellectual property</u> over such cultural heritage, traditional knowledge, and traditional cultural expressions; In conjunction with indigenous peoples, <u>States shall take effective measures to recognize and protect the exercise of these rights.</u>

E15. <u>Article 32</u> - Indigenous peoples have the right to determine and develop priorities and strategies for the development or use of their lands or territories and other resources; States shall <u>provide effective mechanisms for just and fair redress</u> for any activities, and appropriate measures shall be taken to mitigate adverse environmental, economic, social, cultural, or spiritual impact.

E16. <u>Article 33</u> - Indigenous peoples have the right to determine <u>their own identity or membership</u> in accordance with their customs and traditions. Indigenous peoples have the right <u>to determine structures</u> and to <u>select membership of their institutions</u> in accordance with their own procedures.

E17. <u>Article 37</u> - Indigenous peoples have the right to the <u>recognition, observance, and enforcement of treaties, agreements,</u> and <u>other constructive arrangements</u> concluded with States or their successors and to have States honour and respect such treaties, <u>agreements,</u> and <u>other constructive arrangements</u>; Nothing in this Declaration may be interpreted as diminishing or eliminating the rights of indigenous peoples contained in <u>treaties, agreements,</u> and <u>other constructive arrangements.</u>

E18. <u>Article 38</u> - States in consultation and cooperation with indigenous peoples shall take the appropriate measures, including legislative measures, to achieve the ends of this Declaration.

E19. Article 39-* Indigenous peoples have the right to have access to financial and technical assistance from States and through international cooperation, for the enjoyment of the rights contained in this Declaration.

E20. Article 40-** Indigenous peoples have the right to access to and prompt decision through just and fair procedures for the resolution of conflicts and disputes with States or other parties, as well as to effective remedies for all infringements of their individual and collective rights. Such a decision shall give due consideration to the customs, traditions, rules, and legal systems of the indigenous peoples concerned and international human rights.

E21. Article 41-*** The organs and specialized agencies of the United Nations system and other intergovernmental organizations shall contribute to the full realization of the provisions of this Declaration through the mobilization, inter alia, of financial cooperation and technical assistance. Ways and means of ensuring participation of indigenous peoples on issues affecting them shall be established.

22. Article 42-**** The United Nations, its bodies, including the Permanent Forum on Indigenous Issues, and specialized agencies, including at the country level, and States shall promote respect for and full application of the provisions of this Declaration and follow up the effectiveness of this Declaration.

E23. Article 43-***** The rights recognized herein constitute the minimum standards for the survival, dignity, and well-being of the indigenous peoples of the world.

E 24. Article 44 - ****** All the rights and freedoms recognized herein are equally guaranteed to male and female indigenous individuals.

E 25. Article 45 - ******* Nothing in this Declaration may be construed as diminishing or extinguishing the rights indigenous peoples have now or may acquire in the future.

27. For the purpose of this Affidavit of Information as Letter Rogatory To United Nations High Commissioner for Human Rights and as Proffer and Preferral To International Court of Justice (ICJ) and International Criminal Court (ICC) - Habeas Corpus Natural Equity Claim Contract Under Seal, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

## Conclusion

28. Wherefore, to the United Nations High Commissioner for Human Rights (OHCHR) and All Constitutional Authorities of Record, Affiant and Affiant's Mother (as Relators) respectfully proffer and prefer these instant matters herein for filing and docketing in the International Court of Justice (ICJ) and International Criminal Court (ICC). Also, Affiant and Affiant's Mother (as Relators) respectfully invite the assistance of the United Nations, including without limitation the Permanent Forum on Indigenous Issues; and the bodies, organs, and specialized agency of the United Nations system; in the nature of an Ex Rel. Action / Humanitarian Intervention Amicus Curiae [See Fed. R. Civ. P. 24] to dispose of these instant matters as law and justice require. Thank you for your time, your attention, your respectfully requested service, and your honorable discharge of your official duty. In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Fourteenth day of the Second month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018 - February, 14 ]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)

Republican Universal Government [AAMARU] Religious Consul Association

Political Prisoner of War for National Liberation from Colonialism: [P.O.W # 62013-018] Unlawfully Detained and Falsely Imprisoned at:

Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida [33521-1033]

26 of 28

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

## Certificate of Service

I, Taquan Bullett, also called Maalik Rahshe El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man of majority, do certify and affirm that on or about the Fourteenth day of the Second month in the year of Our Lord Father Allah Fourteen Hundred Thirty Eight (1438) [G.C.Y. 2018 - February, 14], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Paid:

1. Affidavit of Information as Letter Rogatory To United Nations High Commissioner for Human Rights and as Proffer and Preferral To International Court of Justice (ICJ) and International Criminal Court (ICC) - Habeas Corpus Natural Equity Claim Contract Under Seal [28 pages].

All document(s) are included to:

A. Zeid Ra'ad Al Hussein, United Nations High Commissioner for Human Rights (OHCHR)
   OHCHR in New York / U.N. Headquarters, New York, New York 10017
   Cc: OHCHR - UNOG, 8-14 Avenue de la Paix, 1211 Geneva 10, Switzerland
   USPO Certified Mail #: 7017 0530 0001 1315 0499

B. Vice Admiral James Crawford, III; Judge Advocate General Navy
   Rear Admiral John G. Hannik; Deputy Judge Advocate General Navy
   1322 Patterson Avenue, Suite 3000, Washington Navy Yard, District of Columbia 20374-5066
   USPO Certified Mail #: 7016 0750 0000 8215 8772

C. David J. Smith, Clerk of Court; Eleventh Circuit Court of Appeals; Attn: Scott O'Neal, D;
   56 Forsyth Street, N.W., Atlanta, Georgia 30303
   USPO Certified Mail #: 7016 0750 0000 8215 8765

J. United States Department of State; U.S. Central Authority for Hague and Inter-American Service
   Conventions, Office of International Judicial Assistance
   1100 L. Street, N.W., Room 11006, Washington, District of Columbia 20522-1710

D. Clerk of Court, U.S.D.C. Middle Florida Ocala Division,
   207 Northwest Second Street, Suite 337, Ocala, Florida 34475-6603

E. Clerk of Court, U.S.D.C. Northern Florida Tallahassee Division,
   111 North Adams Street, 3rd Floor, Tallahassee, Florida 32301

F. Anne M. Breman; Acting General Counsel of the Navy
   Garret L. Ressing; Deputy General Counsel of the Navy
   2000 Navy Pentagon, Washington, District of Columbia 20350

G. Rear Admiral Steven J. Anderson; Judge Advocate General + Chief Counsel U.S. Coast Guard
   Mr. Calvin Lederer, Deputy Judge Advocate General U.S. Coast Guard
   2703 Martin Luther King Jr. Avenue, SE, Washington, District of Columbia 20593-7213

H. Major General Michael A. Calhoun; Adjutant General Florida Army + Air National Guard
   St. Francis Barraks, 82 Marine Street, St. Augustine, Florida 32084

I. Jeff Sessions; Attorney General; 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001


   Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
   Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
   Republican Universal Government [AAMARU] Religious Consul Association
   Political Prisoner of War for National Liberation from Colonialism: [P.O.W. # 62013-018]
   Unlawfully Detained and Falsely Imprisoned at:
   Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida [33521-1033]
                                    28 of 28